In the Matter of Proving the Last Will and Testament of MARY GRAHAM HALLIDAY, Deceased.

CHRISTOPHER GRAHAM and Others, Contestants, Appellants; SELENA STACK (Also Known as SELENA GRAHAM STACK) and Others, Respondents.

Fourth Department, December 23, 1935.

*Nathan Relin,* for the contestants, appellants, Christopher Graham and others.

*Maurice Goldman,* special guardian for the contestants, appellants, Alice Little and others, infants.

*Henry Jadd* [*Solomon Tully* with him on the brief], for the respondents Selena Stack and another, proponents.

*George M. Nelson,* for the respondent Elizabeth H. Smith, legatee.

PER CURIAM. The record shows that the issues relating to testamentary capacity, and to the execution of the will, were sharply contested. Under such circumstances it is particularly important that the jury should be correctly instructed as to the burden of proof, as to the bearing of the evidence upon the claims of the parties, and as to the meaning of the questions submitted to the jury. We find reversible errors, not sufficiently corrected, in the instructions to the jury that the burden of proof as to the execution of the will was upon the contestants and as to the effect to be given to the contents of the will and the instructions of the testator to the scrivener two days previously as bearing upon the question of the mental condition of the decedent at the time of the execution of the will. It is to be kept in mind that mental incapacity, if it existed when the will was signed, was due wholly to the physical and mental condition of the testatrix who was then suffering from mortal diseases which caused her death about six hours after the will was executed. Her mental condition when the instructions to the scrivener were given had no direct bearing upon her capacity in the few hours preceding dissolution. The charge, as a whole, did not, in our opinion, sufficiently and correctly instruct the jury as to the law or as to the bearing of the evidence upon the issues or as to the jury's duty in passing upon the testimony so as to arrive at proper answers to the certified questions.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Decree reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.