OPINION OF THE COURT
Evans V. Brewster, S.
In this proceeding to probate an instrument dated October 7, 1983, objections have been filed by parties who would be adversely affected by the probate of the propounded instrument. The proponent by demand seeks a bill of particulars directed to the objections. A motion to vacate the demand as *533 improper or in the alternative to strike items 5 through 14 from the demand and further directing that any bill of particulars required to be served be served subsequent to the completion of examinations before trial is before the court.
The movants oppose the demand for the bill of particulars which seeks the names and addresses of witnesses and the information pertaining to the issues of due execution of the will and mental capacity of the testator. The courts differ about the permissible disclosures allowed. While there has been a tendency to permit the names and addresses of witnesses, the degree of liberality is not uniform in all the judicial departments of the State.
The Uniform Rules for Surrogate’s Courts in the Second Judicial Department (22 NYCRR part 1830) set forth with specificity the practice to be followed. Bills of particulars in contested probate proceedings (22 NYCRR 1830.19) clearly required that the names and addresses of the person or persons charged with undue influence, the acts and course of conduct constituting such undue influence should be given when requested as a matter of course. Other particulars to be furnished were also enumerated. The courts could require other or different particulars in a proper case.
These rules have been superseded by new Uniform Rules for the New York State Trial Courts as promulgated by the Chief Administrative Judge effective on January 6, 1986. The uniform rules applicable to all Surrogate’s Courts are found in 22 NYCRR part 207. The special rule for bills of particulars in contested probate proceedings (22 NYCRR 207.23) is similar to the former rule and provides that the proponent shall be entitled to "the specific act or acts or course of conduct alleged to have constituted and effected such undue influence; the person or persons charged therewith and the time or times and place or places where it is alleged to have taken place (22 NYCRR 207.23 [a] [1]).” The rule also authorizes the court in a proper case to deny the items of particulars as set forth in the rule and allows the court to grant other, further or different particulars.
Items 1, 2, 3, 4 and 5 of the demand for bill of particulars of the proponent are addressed to the matters approved for inquiry in rule 207.23 and are allowed. Items 6, 7, 8 and 9 seek particulars with respect to the allegation of objectant that the signature of the testator "was forged and written on the said instrument by another person.” There is a difference *534 between a denial that the signature on the instrument offered is the testator’s which must be proved by the proponent, and the affirmative allegation that the signature was forged. Where the objectant intends to offer proof that the instrument has been forged by another, the proponent is entitled to particulars of the forgery, and where known, the name and addresses of the person or persons who forged the instrument. "The purpose of a bill of particulars is to amplify the pleading, limit the proof and prevent surprise at the trial.” (State of New York v Horsemen’s Benevolent & Protective Assn., 34 AD2d 769, 770.) The objectant pleaded forgery and has the burden of proof upon this issue. The proponent is entitled to particulars of the forgery. Accordingly, items 6, 7, 8 and 9 are allowed.
The remaining items seek particulars pertaining to due execution and the mental capacity of the testator. The burden of proof of both issues is on the proponent. Generally, "[t]he court should not require particulars from a respondent as to matters which he need not prove upon the trial (Matter of Reynolds, 38 AD2d 788).” (Matter of Be Gar, 110 Misc 2d 562, 565.)
There are no unusual circumstances shown which would persuade the court to deviate from the general rule that the proponent bears the burden of proof on due execution and testamentary capacity and is not entitled to a bill of particulars on said issues (Matter of Lenfestey, 28 Misc 2d 302). Accordingly, items 10, 11, 12, 13 and 14 of the demand are vacated.
The objectants also request that service of the bill of particulars that is required to be given be subsequent to the completion of examinations before trial. Examinations of the attesting witnesses have not been completed and examinations of the principal beneficiary of the estate and other witnesses have been scheduled. Where information which a party needs to prepare his bill of particulars is within the knowledge of others, it would be futile to require service of the bill of particulars before completion of the examinations before trial and a party will not be directed to do so unless there are special circumstances requiring the same (King v McCormick, 19 AD2d 874; Matter of Reynolds, 38 AD2d 788).
Accordingly, the objectant is directed to serve a bill of particulars in compliance with this decision within 20 days after the completion of the examinations of the proponents *535 and witnesses named by the attorney for movant in his motion papers.