■ In the Matter of the Estate of MAE A. BOSCO, Deceased. FRANK BOSCO, Appellant; JANET L. RAJENDRAN, as Executrix of MAE A. BOSCO, Deceased, Respondent.—In a proceeding to admit to probate the last will and testament of Mae Anna Bosco, the objectant Frank Bosco appeals from a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated March 2, 1987, which, upon granting the executrix's motion for judgment as a matter of law on the issues of improper execution, fraud and undue influence, and upon a jury verdict finding that the deceased did not lack testamentary capacity, admitted the will to probate.

Ordered that the decree is affirmed, without costs or disbursements.

The proponent's attempt to admit to probate the will of her grandmother Mae Anna Bosco was met with objections advanced by Frank Bosco, the decedent's son, asserting, *inter alia,* that the instrument was the product of undue influence exerted on the testatrix by the proponent and that his mother lacked testamentary capacity at the time of the will's execution. The Surrogate dismissed the objection predicated on undue influence and, we conclude, properly so, inasmuch as the record is devoid of any evidence, direct or circumstantial, that the will was procured by undue influence. As the Surrogate noted in so ruling: "[a] mere showing of opportunity and even of a motive to exercise undue influence does not justify a submission of that issue to the jury, unless there is in addition evidence that such influence was actually utilized" *(Matter of Walther,* 6 NY2d 49, 55). Furthermore, in light of the sharp conflict between the parties' witnesses on the issue of testamentary capacity, the court properly submitted the question to the jury. Finally, we perceive of no improvident exercise of discretion by the Surrogate in permitting the proponent to present rebuttal evidence. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.