■ In the Matter of the Estate of MILDRED S. POSNER, Deceased. LILA Z. KISHNER, Respondent; JEROME S. STONE, Appellant.—In a probate proceeding, the objectant Jerome S. Stone appeals from a decree of the Surrogate's Court, Kings County (Bloom, S., at trial; Pizzuto, A.S., on decree), dated October 17, 1988, which, upon granting the petitioner's motion for judgment as a matter of law, which was made at the close of the evidence at trial, admitted the will of Mildred Stone Posner dated March 15, 1982, to probate.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

According to the testimony adduced at the trial, the testatrix, Mildred Stone Posner, and her first husband, Samuel Stone, had three children, Lila Z. Kishner, the appellant Jerome S. Stone and Howard H. Stone, the last of whom predeceased his parents. The appellant lived with his parents in their Brooklyn home until he was 45 years old, when he married and moved out. Six weeks later, on February 28, 1981, his father, Samuel Stone, died, and a family quarrel ensued. In the midst of the bad feeling engendered by the

quarrel, on the morning of his father's funeral, the appellant removed $660,000 in treasury bills from his father's safe-deposit box and withheld them from the family until March 27, 1982.

The will at issue was executed by the testatrix on March 15, 1982. In it, she left her entire estate to her daughter, Lila Z. Kishner, and also appointed her daughter executrix, with her nephew, Herbert Rothouse, as substitute executor in the event her daughter was unable to serve. In paragraph FIFTH of the will, she declared that she made no provisions for her son Jerome or for the three children of her deceased son Howard because she had "made adequate and sufficient provisions for them during [her] lifetime". Her will was drafted by her attorney, Bernard Berlly, who, along with his wife, Theresa Berlly, acted as witnesses.

In December 1983 the testatrix executed a prenuptial agreement, also drafted by the attorney Berlly, married an old family friend, and moved with her new husband to Tuscon, Arizona. In her final illness, she returned to New York, was hospitalized, and died in March 1984.

Following a trial by jury, the Surrogate granted the petitioner judgment as a matter of law, and found that the will had been properly executed, and that the testatrix had not been unduly influenced by her daughter.

On appeal, the appellant contends that the Surrogate should have submitted the issues to the jury for determination. These contentions are without merit. The record before us is devoid of any evidence, direct or circumstantial, that the testatrix's will was procured by any undue influence exerted by her daughter. It has been held that "[a] mere showing of opportunity and even of a motive to exercise undue influence does not justify a submission of that issue to the jury, unless there is in addition evidence that such influence was actually utilized" (Matter of Walther, 6 NY2d 49, 55; see also, Matter of Bosco, 144 AD2d 363). In the absence of any showing that the testatrix's bequest to her daughter was anything other than "the promptings of affection" motivated by "the ties of attachment arising from consanguinity" (Children's Aid Socy. v Loveridge, 70 NY 387, 394-395; Matter of Walther, supra, at 53-54), the court properly removed this issue from the jury's consideration.

The appellant has also failed utterly to show any deficiency in the form of the testatrix's will. Rather, the will, which contains an attestation clause, conforms in every respect to

the requirements of EPTL 3-2.1 (a), was executed under the supervision of an experienced attorney, and was witnessed by both the attorney and his wife, both of whom testified as to the instrument's proper execution at trial, and neither of whom was a beneficiary under the will. Under these circumstances, and in the absence of "evidence disproving * * * compliance in any particular, the presumption may be lawfully indulged that all of the provisions of the statute were complied with" (Matter of Kellum, 52 NY 517, 519; see also, Matter of Collins, 60 NY2d 466, 471).

Having determined that by no rational process could the trier of the facts find in favor of the appellant, the court properly granted judgment as a matter of law to the petitioner (see, Lipsius v White, 91 AD2d 271). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.