■ In the Matter of the Estate of EDNA M. ESBERG, Deceased. JACK M. STEINGART, Respondent; ELISE MARENSON et al., Appellants. [627 NYS2d 716] —In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Nassau County (Radigan, J.) dated June 24, 1993, which, *inter alia,* granted the proponent's motion for summary judgment dismissing their objections to probate and admitted to probate the will of Edna M. Esberg.

Ordered that the decree is affirmed, with costs.

The proponent in this proceeding is the attorney-draftsman of a will executed by the decedent, Edna M. Esberg, on November 30, 1988. The objectants, the daughter and the elder grandson of the decedent, raise four objections to the will: undue execution, lack of testamentary capacity, undue influence, and fraud.

The record shows that the first objection lacks merit. The will was duly executed pursuant to the formal requirements of execution and attestation set forth in the applicable statute *(see,* EPTL 3-2.1). Moreover, when, as here, the attorney-draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects *(see, e.g., Matter of Kindberg,* 207 NY 220, 228; *Matter of Cottrell,* 95 NY 329, 338; *Matter of Posner,* 160 AD2d 943), and the objectants did not submit any evidence to overcome this presumption.

The record also shows that, at all relevant times including the moment of the will's execution *(see, e.g., Children's Aid Socy. v Loveridge,* 70 NY 387; *Matter of Halliday,* 246 App Div 441), the decedent possessed the testamentary capacity required by EPTL 3-1.1 to make a will and to dispose of her property. She knew the nature and extent of her property and the natural objects of her bounty *(see, Matter of Kumstar,* 66

NY2d 691, 692). Although she suffered from some physical infirmities and depression, she was able to attend to her household and financial affairs in a normal manner.

Finally, the objectants failed to establish their claims of fraud and undue influence. They submitted only conclusory and speculative evidence that the proponent and his wife, the attesting witnesses to the will, insinuated themselves into the decedent's life for the sinister purpose of procuring the proponent's nomination as the executor and trustee of the will. Furthermore, the proponent fully disclosed the financial consequences of this arrangement to the decedent *(see, Matter of Atterbury,* 173 AD2d 817; *cf., Matter of Weinstock,* 40 NY2d 1). Mangano, P. J., Sullivan, Thompson and Friedmann, JJ., concur.