■ In the Matter of the Estate of LILLIAN ZIMMERMAN, Deceased. DONALD ZIMMERMAN, Respondent; GORDON ZIMMERMAN, Appellant. [696 NYS2d 180] —In a probate proceeding, the appeal is from a decree of the Surrogate's Court, Westchester County (Emmanuelli, S.), dated June 26, 1998, which, upon granting the motion of the proponent, Donald Zimmerman, for summary judgment dismissing the appellant's objections, admitted to probate the last will and testament of the decedent, Lillian Zimmerman.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

Contrary to the appellant's contentions, the Surrogate's Court did not err in granting the proponent's motion for summary judgment dismissing the appellant's objections that the will had not been properly executed, that the decedent was mentally and physically incapacitated at the time the will was executed, or that the proponent of the will had exerted undue influence over the decedent (*see,* EPTL 3-2.1; *Matter of Collins,* 60 NY2d 466, 468; *Matter of Fiumara,* 47 NY2d 845; *Matter of Tully,* 227 AD2d 288; *Matter of Philbrook,* 185 AD2d 550, 552; *Matter of Posner,* 160 AD2d 943, 945). In opposition to the proponent's prima facie showing, the appellant failed to present any admissible evidence which would raise a triable issue of fact regarding whether such circumstances existed (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Bracken, J. P., Krausman, Goldstein and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ANDERSON, Also Known as CARLOS SAMUEL, Also Known as JOHN CHARLES, Appellant. [695 NYS2d 704] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 21, 1990 (*People v Anderson,* 161 AD2d 719), affirming a judgment of the Supreme Court, Kings County, rendered May 19, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., Santucci, Thompson and Friedmann, JJ., concur.