◼ In the Matter of the Estate of FANNY FINOCCHIO, Deceased. JOHN FINOCCHIO, Respondent; MARIE LITRENTA, Appellant. [704 NYS2d 634] —In a probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Queens County (Nahman, S.), dated October 30, 1998, which, upon the granting of the proponent's motion pursuant to CPLR 4401 for judgment as a matter of law, dismissed her objections and admitted the propounded instrument to probate.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The Surrogate's Court properly granted the proponent's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the objections to the admission of the subject will to probate. Although the objectant alleged, *inter alia,* improper execution of the will and lack of testamentary capacity, she failed to adduce any evidence in support of any of her objections. Where, as here, the attorney-draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects (*see, Matter of Kindberg,* 207 NY 220; *Matter of Cottrell,* 95 NY 329, 338; *Matter of Posner,* 160 AD2d 943). The objectant did not submit any evidence to overcome this presumption. She based her objections on the failure of the attesting witnesses to recall the circumstances of the will's execution. However, it is well settled that the presumption of proper execution is not overcome by the

mere failure of attesting witnesses to recall the will execution (*see, Matter of Collins,* 60 NY2d 466, 471-473; *Matter of Posner,* 160 AD2d 943, 944-945, *supra*). Accordingly, the Surrogate properly found that the will was duly executed in conformity with EPTL 3-2.1.

The record also demonstrates that at all times, including when the will was executed (*see, Children's Aid Socy. v Loveridge,* 70 NY 387), the decedent possessed the testamentary capacity required by EPTL 3-1.1 to make a will and to dispose of her property. She knew the nature and extent of her property and the natural objects of her bounty (*see, Matter of Kumstar,* 66 NY2d 691, 692). The objectant adduced no evidence to the contrary.

The Surrogate did not err in allowing the proponent to recall the two attesting witnesses after they had finished testifying. The order of presentation of evidence at trial, including the decision to permit a party to recall a witness who has finished testifying, is a matter generally resting within the sound discretion of the trial court (*see, Feldsberg v Nitschke,* 49 NY2d 636, 643-644). Inasmuch as the proponent had not yet rested, no delay was caused by the recall, and as the objectant had a full opportunity to cross-examine the recalled witnesses, she suffered no prejudice from the court's departure from the usual order (*see, e.g., Frazier v Campbell,* 246 AD2d 509, 510; *Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d 788, 790-791). Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.