■ In the Matter of the Estate of EDWIN HERMAN, Deceased. ESTELLE S. ROBERTS et al., Appellants; RICHARD HERMAN et al., Respondents. [734 NYS2d 194] —In a contested probate proceeding, the petitioners appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Weber, S.), entered March 15, 2001, as denied their motion for summary judgment dismissing the objections to the probate of the will of the decedent Edwin Herman dated May 18, 1994, and to admit the will to probate, and granted that branch of the objectants' cross motion which was to compel further discovery and, in effect, to set a new discovery schedule.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the objectants personally, the motion is granted, that branch of the cross motion which was to compel further discovery and, in effect, to set a new discovery schedule is denied, the objections are dismissed, and the will is admitted to probate.

The petitioners' motion for summary judgment dismissing the objections to the probate of the decedent's will dated May 18, 1994, and to admit the will to probate should have been granted. The petitioners demonstrated, prima facie, that the will was properly executed pursuant to the formal requirements set forth in EPTL 3-2.1. "Where, as here, the attorney-draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (*Matter of Finocchio,* 270 AD2d 418; *see, Matter of Esberg,* 215 AD2d 655; *Matter of Posner,* 160 AD2d 943). In opposition, the objectants failed to raise a triable issue of fact as

to whether the decedent's signature was a forgery. "Where the objectant intends to offer proof that the instrument has been forged by another, the proponent is entitled to particulars of the forgery, and where known, the name and addresses of the person or persons who forged the instrument" (*Matter of Di Scala,* 131 Misc 2d 532, 534). Here, the objectants failed to provide any such particulars. Therefore, their claim of forgery did not warrant denial of the motion.

The objectants also failed to raise a triable issue of fact as to the decedent's testamentary capacity. While the objectants claimed that the decedent drank heavily, they failed to submit any evidence establishing that he was drunk on the day the will was executed. Moreover, evidence of the decedent's alleged eccentricities were insufficient to establish lack of testamentary capacity (*see, Matter of Bush,* 85 AD2d 887; *Matter of Wolf,* 196 App Div 722). The record demonstrates that the decedent "understood the nature and consequences of executing a will * * * knew the nature and extent of the property [he] was disposing of; and * * * knew those who would be considered the natural objects of [his] bounty and [his] relations with them" (*Matter of Kumstar,* 66 NY2d 691, 692 [internal quotation marks omitted]).

In addition, the objectants failed to raise a triable issue of fact as to whether the will was procured by undue influence exerted on the decedent. Although the decedent and the primary beneficiary under the will were friends and cared for each other, "[a] mere showing of opportunity and even of a motive to exercise undue influence does not justify a submission of that issue to the jury, unless there is in addition evidence that such influence was actually utilized" (*Matter of Walther,* 6 NY2d 49, 55; *see, Matter of Posner, supra; Matter of Bosco,* 144 AD2d 363). Moreover, there was no evidence that the petitioners exercised "moral coercion * * * which, by importunity which could not be resisted, constrained the [decedent] to do that which was against his free will and desire" (*Children's Aid Socy. v Loveridge,* 70 NY 387, 394; *see, Matter of Walther, supra; Matter of Kumstar, supra*).

The objectants' remaining contentions are without merit. Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.