In a contested probate proceeding, the petitioner appeals from an order of the Surrogate’s Court, Kings County (Feinberg, S.), dated May 12, 2003, which, in effect, denied her renewed motion for summary judgment to dismiss objections to the probate of the will of the decedent, Fay Libby Weinberg, dated April 6, 1997, and to admit the will to probate.
Ordered that the order is reversed, on the law, with costs payable by the objectants personally, the renewed motion is granted, the objections are dismissed, and the will is admitted to probate.
“Where, as here, the attorney-draftsman supervised the will’s execution, there is a presumption of regularity that the will was properly executed in all respects” (Matter of Finocchio, 270 AD2d 418 [2000]; see Matter of Ziele, 242 AD2d 576 [1997]). Here, the petitioner met her prima facie burden in establishing that the will was properly executed in accordance with the formal requirements of EPTL 3-2.1.
Further, the objectants failed to raise a triable issue of fact since they failed to present any evidence to support their claims *524 of lack of proper execution, lack of testamentary capacity, undue influence, and fraud (see Matter of Walther, 6 NY2d 49 [1959]; Matter of Rosen, 291 AD2d 562 [2002]; Matter of Evanchuk, 145 AD2d 559 [1988]). As such, the Surrogate’s Court should have granted the renewed motion, dismissed the objections, and admitted the will to probate (see Matter of Herman, 289 AD2d 239 [2001]).
The petitioner’s remaining contention is without merit. Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.