■ In the Matter of JOHN JAMES, Also Known as ANTHONY JOHN JAMES, Deceased. LORDLIN PRIMUS, Respondent; BERYL JAMES et al., Appellants. [792 NYS2d 601]—

In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Kings County (Harkavy, S.), dated November 5, 2003, which, after reserving decision on the proponent's motion pursuant to CPLR 4404 for judgment as a matter of law, made at the close of the evidence, and after the trial ended in a hung jury, upon the granting of the motion and

determining that the will in question was duly executed and not a forgery, inter alia, directed that it be admitted to probate.

Ordered that the decree is affirmed, with costs payable personally by the objectants.

After the parties rested at trial, the proponent moved pursuant to CPLR 4404 for judgment as a matter of law. The Surrogate's Court reserved decision on the motion and submitted the issue to the jury. After the trial ended in a hung jury, the Surrogate's Court, upon granting the motion and determining that the will in question was duly executed and not a forgery, inter alia, directed that it be admitted to probate. Contrary to the objectants' contention, the Surrogate's Court properly entertained the motion after the trial ended in a hung jury (*see Gullian v Newcombe & Co.*, 27 AD2d 479, 480 [1967]; *Gallagher v Citizens Water Works of Town of Highlands*, 278 App Div 792, 793 [1951], *affd* 303 NY 805 [1952]; *Wallach v Gray's Sons, Inc.*, 244 App Div 873 [1935]; *cf. Slusarczyk v Slusarczyk*, 41 AD2d 593 [1973]).

Moreover, the Surrogate's Court properly granted the proponent's motion. Although the objectants alleged that the will was forged and not duly executed, they failed to adduce sufficient evidence, as a matter of law, to support their objections. Where, as here, the attorney-draftsperson supervised the will's execution, there was a presumption of regularity that the will was properly executed in all respects (*see Matter of Herman*, 289 AD2d 239 [2001]; *Matter of Finocchio*, 270 AD2d 418 [2000]). In addition, the self-executing affidavit of the attesting witnesses created "a presumption that the will was duly executed" and also constituted "prima facie evidence of the facts therein attested to by the witnesses" (*Matter of Clapper*, 279 AD2d 730, 731 [2001]; *see Matter of Leach*, 3 AD3d 763, 764-765 [2004]). The objectants failed to overcome this presumption, as a matter of law, because they relied upon either the failure of the attesting witnesses to recall the circumstances of the will's execution or a highly selected reading of their prior deposition testimony which was controverted by the rest of the witnesses' testimony (*see Matter of Leach, supra* at 764-765; *Matter of Finocchio, supra*). Furthermore, the testimony of the objectants' expert did not, as a matter of law, establish that the will was forged (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383 [2004]; *Matter of Herman, supra; cf. Matter of Sylvestri*, 44 NY2d 260, 264-267 [1978]).

The objectants' remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.