■ In the Matter of the Estate of THOMAS A. DANE, Deceased. MARGUERITE L. DANE-FISHER, Petitioner; THOMAS M. DANE, Respondent. LYNNE M. LONSDALE, Appellant. [821 NYS2d 699]—

Appeal from an order of the Surrogate's Court, Niagara County (Sara S. Sperrazza, S.), entered June 21, 2005. The order, after a nonjury trial, found that decedent's 1992 will a forgery and admitted decedent's 1990 will to probate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Surrogate's Court, Niagara County, for further proceedings in accordance with the following memorandum: This appeal arises out of a will contest among the children of Thomas A. Dane (decedent) in which the sole issue is whether what purports to be a 1992 will of decedent is genuine, thereby superseding a 1990 will, or whether the signature on the document is forged. Lynne M. Lonsdale appeals from an order, entered following a bench trial, that found that the 1992 will was a forgery and admitted the 1990 will to probate.

We conclude that Surrogate's Court erred in finding that the 1992 will was a forgery, and we conclude instead that the 1992 will contains the genuine signature of decedent. Although the Surrogate explicitly credited the testimony of respondent's expert over that of petitioner's expert, we note that respondent's expert testified that his handwriting analysis was "inconclu-

sive," meaning that he could not testify either that the signature on the 1992 will was genuine or that it was forged. Thus, "the testimony of [respondent's] expert did not, as a matter of law, establish that the will was forged" (*Matter of James*, 17 AD3d 366, 367 [2005]; *see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]; *cf. Matter of Sylvestri*, 44 NY2d 260, 264-267 [1978]). Contrary to the Surrogate's finding, decedent's daughter, Myra, did not in fact testify that the signature on the 1992 will was not that of decedent. In contrast, petitioner's handwriting expert and one of decedent's other daughters testified that the signature on the 1992 will was in fact that of decedent. Further, the testimony of a disinterested witness, an attorney who witnessed the will signing, tends to establish that decedent signed the will. Under the circumstances, including the existence of two contemporaneous checks drawn on decedent's account and made payable to an attorney for will preparation, we regard as exceedingly improbable the hypothesis that the will was forged by an imposter during a formal will ceremony. We thus conclude that petitioner sustained her initial burden as proponent of the 1992 will to prove its genuineness and the validity of its execution (*see Matter of Creekmore*, 1 NY2d 284, 292; *Matter of Schillinger*, 258 NY 186, 188). Moreover, we conclude that respondent failed to overcome the presumption of regularity and due execution arising from the fact that the will's execution was supervised by the attorney-draftsperson (*see James*, 17 AD3d at 367; *Matter of Herman*, 289 AD2d 239 [2001], *lv denied* 97 NY2d 612 [2002]; *Matter of Finocchio*, 270 AD2d 418, 418-419 [2000]; *see also Matter of Coniglio*, 242 AD2d 901, 902 [1997]). We therefore reverse the order and remit the matter to Surrogate's Court for entry of a decree granting the petition for probate of the 1992 will. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.