■ In the Matter of the Estate of KATHRYN B. McGUIRE, Also Known as KATHERINE B. McGUIRE McCANN, Deceased. CHESTER McGUIRE, Respondent; PHILIP McGUIRE et al., Appellants. [824 NYS2d 385]—

In a contested probate proceeding, the objectants appeal from (1) an order of the Surrogate's Court, Rockland County (Resnik, A.S.), dated May 27, 2005, which denied their motion for summary judgment, granted the petitioner's cross motion for summary judgment dismissing the first and second objections to probate and, upon searching the record, dismissed the third objection to probate, and (2) a decree of the same court dated June 21, 2005, which, upon the order, dismissed the objections and admitted the will to probate.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree.

The decedent bequeathed approximately $3,000,000 of her money and possessions, in the will in question, to the petitioner and his family. The objectants filed three objections to the probate of the will, asserting that the will was not executed as required by the law, that the decedent lacked testamentary capacity at the time the will was executed, and that the will was the product of undue influence by the petitioner and his wife. The objectants moved for summary judgment revoking the preliminary letters testamentary issued to the petitioner and dismissing the petition to admit the will to probate on the ground, inter alia, that the will was the product of undue influence. The petitioner cross-moved for summary judgment dismissing the objections relating to due execution and testamentary capacity. The Surrogate's Court denied the objectants' motion, granted the petitioner's cross motion, searched the record and dismissed the objection alleging undue influence, and admitted the will to probate.

In opposition to that branch of the objectants' motion which was for summary judgment dismissing the petition based on allegations of undue influence, the petitioner demonstrated, prima facie, that the will was not the product of undue influence (*see Matter of Walther*, 6 NY2d 49, 55; *Matter of Herman*, 289 AD2d 239, 240 [2001]). In opposition to this prima facie demonstration, the objectants failed to raise a triable issue of fact. Thus, the Surrogate's Court properly dismissed that objection to the admission of the will to probate.

The objectants' remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.