In an action, inter alia, to set aside a deed to certain real property on the ground of forgery (action No. 1), which was joined for trial with a related action to recover damages for fraud (action No. 2), Julia M. Baldari, a defendant in both actions, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Ajello, J.H.O.), dated July 26, 2010, as, upon a decision and order of the same court dated May 10, 2010, made after a nonjury trial, set aside the deed dated January 9, 2002, and declared it to be null and void and of no force and effect, and dismissed her third-party claims and counterclaims with prejudice.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
According to the appellant, by deed dated January 9, 2002, Gladys C. Murphy conveyed title to the subject real property to her. The plaintiff in action No. 1, Ann C. Cunningham, the administrator of Murphy’s estate, claimed that Murphy’s signature on that deed was forged. After a trial, the Supreme Court concluded that Murphy’s signature was a forgery.
At the time of the trial in these related actions, inter alia, to set aside the deed on the ground of forgery, Murphy, who lived in Massachusetts, was 87 years old and was in poor health, as established by the affidavit of her treating cardiologist, Dr. Theo E. Meyer. Meyer stated that Murphy used a wheelchair and supplemental oxygen, and opined that she was “medically unable to travel to New York and to participate in the stress of a trial.” He further opined that doing so “would jeopardize her *585 health and compromise her condition such that she might suffer permanent and long term consequences.” Contrary to the appellant’s contention, under the particular circumstances of this case, the Supreme Court providently exercised its discretion in granting Murphy’s counsel’s request to read Murphy’s deposition testimony into the record (see CPLR 3117 [a] [3]).
“A certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises the presumption of due execution, ‘which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed’ ” (ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803 [2012], quoting Son Fong Lum v Antonelli, 102 AD2d 258, 260-261 [1984], affd 64 NY2d 1158 [1985]). Here, contrary to the appellant’s contention, at the trial, Murphy rebutted this presumption by establishing, “by evidence so clear and convincing as to amount to a moral certainty,” that Murphy’s purported signature on the deed was a forgery (Matter of Travers v Brown, 72 AD3d 979, 980 [2010] [internal quotation marks omitted]; see Albany County Sav. Bank v McCarty, 149 NY 71, 80 [1896]). Accordingly, the Supreme Court properly set aside the deed and declared it to be null and void and of no force and effect.
The appellant’s remaining contention is without merit. Angiolillo, J.P, Dickerson, Leventhal and Chambers, JJ., concur.