■ GLADYS ESTABA et al., Respondent, v PETER ESTABA et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant. [12 NYS3d 50]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered December 1, 2014, which denied the motion of defendant Mortgage Electronic Registration Systems, Inc. (MERS) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly determined that the action is not time-barred. A claim against a forged deed is not subject to a statute of limitations defense (*see Faison v Lewis*, 25 NY3d 220, 226 [2015]). In any event, CPLR 212 (a) would not bar plaintiff from bringing this action, as she sufficiently alleged her ownership and possession of the property within the time required (*see Matter of Marini*, 119 AD3d 584, 586 [2d Dept 2014]).

The court properly determined that there remain unresolved issues of fact concerning the execution of the deed precluding summary judgment. Although the notarization of a signature raises a presumption that the signature is genuine (*see* CPLR 4538), the presumption is rebuttable (*see Seaboard Sur. Co. v Earthline Corp.*, 262 AD2d 253 [1st Dept 1999]). Plaintiff's affidavit averring that her signature on the 1966 deed is a forgery, along with the supporting documents attached thereto, were sufficient to raise an issue of fact as to the authenticity of that signature, warranting denial of MERS' summary judgment mo-

tion. Plaintiff's opposition was also sufficient to rebut the prima facie evidence of the contents of the deed, which had been recorded and on file in the Office of the City Register, Bronx County, for more than ten years (*see* CPLR 4522). Concur— Mazzarelli, J.P., Sweeny, Acosta, Clark and Kapnick, JJ.