■ COUNTRYWIDE HOME LOANS, INC., Respondent, v RICARDO GOMEZ et al., Defendants, and BARBARA TERCOVICH, Appellant. [29 NYS3d 64]—

In an action to foreclose a mortgage, the defendant Barbara Tercovich appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered December 18, 2013, which granted those branches of the plaintiff's motion which were for partial summary judgment declaring that the plaintiff's mortgage in the principal amount of $315,000 is a valid and enforceable lien against the entire subject property and dismissing her affirmative defenses and counterclaims, and pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Donna Tercovich, also known as Donna Gomez, and Ricardo Gomez.

Ordered that the order is modified, on the law, (1) by delet-

ing the provisions thereof granting those branches of the plaintiff's motion which were for partial summary judgment declaring that its mortgage in the principal amount of $315,000 is a valid and enforceable lien against the entire subject property and dismissing the defendant Barbara Tercovich's affirmative defenses and counterclaims, and substituting therefor provisions denying those branches of the motion, and (2) by adding, at the end of the first decretal paragraph thereof, immediately before the semicolon, the words: "subject to the defendant Barbara Tercovich's one half interest in the subject property"; as so modified, the order is affirmed, with one bill of costs payable to the defendant Barbara Tercovich.

Contrary to the plaintiff's contentions, the Supreme Court erred in granting those branches of its motion which were for partial summary judgment declaring that its mortgage in the principal amount of $315,000 is a valid and enforceable lien against the entire subject property and dismissing the affirmative defenses and counterclaims of the defendant Barbara Tercovich (hereinafter Tercovich). Tercovich asserted that a power of attorney purportedly granted by her to the defendant Donna Tercovich, also known as Donna Gomez (hereinafter Donna Gomez), on November 15, 2004, was forged, thereby vitiating the subsequent deed dated July 22, 2005, on which the subject mortgage was based. While the notary's certificate of acknowledgment, submitted in support of the plaintiff's motion, constitutes prima facie evidence that the power of attorney was duly executed (*see* CPLR 4538), the affidavit of Tercovich, submitted in opposition, raised a triable issue of fact as to the authenticity of her purported "X" signature (*see Estaba v Estaba*, 129 AD3d 601, 601 [2015]; *Seaboard Sur. Co. v Earthline Corp.*, 262 AD2d 253 [1999]; *Hoffman v Kraus*, 260 AD2d 435, 436 [1999]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for partial summary judgment declaring that its mortgage in the principal amount of $315,000 is a valid and enforceable lien against the entire subject property, and dismissing Tercovich's affirmative defenses and counterclaims.

Until Tercovich's allegations of forgery are resolved, the plaintiff may only proceed against the defaulting defendants, Donna Gomez and Ricardo Gomez, subject to the plaintiff's one half interest in the subject property (*see Great Fin. Bank, FSB v Interdenominational Bhd., Inc.*, 109 AD3d 581 [2013]).

Tercovich's remaining contentions are without merit. Chambers, J.P., Hall, Austin and Barros, JJ., concur.