■ Nikolaos Kanterakis, Respondent, v Minos Realty I, LLC, et al., Defendants, and Rosedale Lend, LLC, Appellant. [55 NYS3d 452]—

Appeal from a judgment of the Supreme Court, Queens County (Augustus C. Agate, J.), entered December 10, 2014. The judgment, after a nonjury trial, declared that a power of attorney executed on August 7, 2002, is null and void and cancelled that power of attorney, directed the Register of the County of Queens to vacate a deed to the subject real property dated October 30, 2005, and declared that the plaintiff is the "present and sole owner" of the subject real property.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment dismissing the complaint in its entirety and declaring that the power of attorney executed on August 7, 2002, is not null and void and that the plaintiff is not the present and sole owner of the subject real property.

The plaintiff commenced this action seeking, inter alia, a judgment declaring null and void a power of attorney that he purportedly executed in favor of his wife, the defendant Emily Kanterakis (hereinafter Emily), on August 7, 2002, and declaring null and void a note and mortgage held by the defendant Rosedale Lend, LLC (hereinafter Rosedale). The complaint alleges that Emily forged the plaintiff's signature on the power of attorney.

The record shows that Emily, acting as attorney-in-fact for the plaintiff, obtained from the defendant Flushing Savings Bank, FSB (hereinafter Flushing), a loan that was secured by a mortgage on commercial real property (hereinafter the subject property). By deed dated October 30, 2005, Emily, as attorney-in-fact for the plaintiff, transferred title to the subject

property from the plaintiff to Minos Realty I, LLC (hereinafter Minos), a company then wholly owned by the plaintiff. The record contains an amendment to the Minos operating agreement which states that, on December 22, 2005, Emily was granted an ownership share in Minos and appointed managing member. In 2007, Emily, as managing member of Minos, obtained from the defendant Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), a loan for $1.375 million, secured by a mortgage on the subject property. The proceeds of that loan were used, in part, to repay the prior loan from Flushing. Greenpoint subsequently assigned its interest in that note and mortgage to Rosedale.

By orders dated May 28, 2013, and August 1, 2013, respectively, the Supreme Court directed the dismissal of the complaint insofar as asserted against Greenpoint and Flushing.

After a nonjury trial, the Supreme Court found that the plaintiff established that the 2002 power of attorney was forged. The court issued a judgment declaring null and void the 2002 power of attorney, directing the Register of the County of Queens to vacate the deed dated October 30, 2005, and declaring the plaintiff to be the "present and sole owner" of the subject property. Thus, the judgment had the effect of invalidating the Rosedale mortgage. Rosedale appeals from the judgment.

"A certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises the presumption of due execution, 'which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed' " (*ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d 801, 803 [2012], quoting *Son Fong Lum v Antonelli*, 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Cunningham v Baldari*, 100 AD3d 584, 585 [2012]). " '[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing so as to amount to a moral certainty' " (*Beshara v Beshara*, 51 AD3d 837, 838 [2008], quoting *Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *see John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 622 [2008]).

Here, the plaintiff failed to rebut the presumption of validity of the acknowledged power of attorney. Although an expert opinion is not necessarily required in order to establish that a document is a forgery, where an expert opinion is offered, the

expert must "state with reasonable professional certainty that the signature at issue is not authentic" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]). The plaintiff failed to present evidence authenticating the group of 31 exemplars upon which the plaintiff's handwriting expert primarily relied (*see* CPLR 4536; *see also Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 384; *Matter of Dane*, 32 AD3d 1233, 1234 [2006]; *Matter of James*, 17 AD3d 366, 367 [2005]). Further, although the handwriting expert testified that he relied on several additional exemplars, those exemplars likewise were not authenticated (*see* CPLR 4536; *see also Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 384; *Matter of Dane*, 32 AD3d at 1234; *Matter of James*, 17 AD3d at 367). Consequently, the testimony of the handwriting expert should not have been considered (*see* CPLR 4536; *see also Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 384).

The testimony of the plaintiff and other witnesses was not sufficient to establish, to a moral certainty, that the 2002 power of attorney was forged. The plaintiff denied having signed the 2002 power of attorney. However, "[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 383-384; *see TD Bank, N.A. v Piccolo Mondo 21st Century, Inc.*, 98 AD3d 499, 500 [2012]).

In addition to his own testimony, the plaintiff presented, inter alia, the testimony of a family member, Anna Kanterakis. However, that witness did not testify as to Emily making an express admission of forgery of the power of attorney. Further, a proper foundation was not laid for the introduction into evidence of a series of emails allegedly sent by Emily to Anna Kanterakis (*see Matter of Gabriel W. [Steven C.]*, 130 AD3d 742 [2015]; *cf. Matter of Colby II. [Sheba II.]*, 145 AD3d 1271 [2016]), and in any case, those emails contained no express admission of forgery.

Additionally, the notary public who acknowledged the 2002 power of attorney lacked an independent recollection of the circumstances of that acknowledgment. The testimony of that notary's coworker was not based on that witness's personal knowledge of the circumstances of the execution and acknowledgment of the 2002 power of attorney.

Under these circumstances, the plaintiff failed to prove to a moral certainty that the 2002 power of attorney was forged (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 383-384; *JPMorgan Chase Bank, N.A. v Bauer*, 92 AD3d 641, 642 [2012]; *Osborne v Zornberg*, 16 AD3d 643, 644-645 [2005]; *Republic*

*Pension Servs. v Cononico*, 278 AD2d 470, 472 [2000]). Consequently, the Supreme Court erred in declaring null and void, and cancelling, the 2002 power of attorney, directing the vacatur of the deed transferring title to the subject property from the plaintiff to Minos, and effectively invalidating the Rosedale mortgage.

In light of our determination, we need not reach Rosedale's remaining contentions. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.