U.S. Bank Natl. Assn. v Goldin (2018 NY Slip Op 02825)





U.S. Bank Natl. Assn. v Goldin


2018 NY Slip Op 02825


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-06503
2016-07138
 (Index No. 14941/12)

[*1]U.S. Bank National Association, etc., respondent,
v Ricky Paul Goldin, also known as Ricky Paull Goldin, appellant, et al., defendants.


Jack F. Scherer, New York, NY (Paula Schwartz Frome of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ricky Paul Goldin, also known as Ricky Paull Goldin, appeals from two orders of the Supreme Court, Nassau County (Julianne T. Capetola, J.), both dated April 7, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ricky Paul Goldin, also known as Ricky Paull Goldin, and for an order of reference. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff on a mortgage loan.
ORDERED that the appeal from the first order is dismissed, as the portions of the first order appealed from were superseded by the second order; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ricky Paul Goldin, also known as Ricky Paull Goldin, and for an order of reference are denied, and the first order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In September 2006, the defendant Ricky Paul Goldin, also known as Ricky Paull Goldin (hereinafter the appellant), allegedly executed a note in the sum of $650,000 in favor of JPMorgan Chase Bank, N.A. (hereinafter JPMorgan Chase). The note was secured by a mortgage on residential property located in Atlantic Beach. In February 2012, JPMorgan Chase assigned the note to the plaintiff, U.S. Bank National Association. In December 2012, the plaintiff commenced this action against, among others, the appellant to foreclose the mortgage. The appellant served an answer, in which he asserted that the signature on the mortgage did not appear to be his signature. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The appellant opposed the motion. In an order dated April 7, 2016, the Supreme Court granted the motion. In a second order dated April 7, 2016, the court, among other things, granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff on the mortgage loan.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689). The burden then shifts to the defendant to raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff (see Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046; CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 853).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting the note, the mortgage, annexed to which was a certificate of acknowledgment, and an affidavit of merit by a document control officer for the loan servicer, setting forth that the appellant defaulted on the mortgage loan by failing to make the monthly payments due on May 1, 2011, and thereafter. In opposition, however, the appellant raised a triable issue of fact as to the validity of the mortgage produced by the plaintiff and, thus, as to whether the mortgage was enforceable (see Countrywide Home Loans, Inc. v United Gen. Tit. Ins. Co., 109 AD3d 950, 952).
"A certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises the presumption of due execution, which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed'" (ABN AMBRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803, quoting Son Fong Lum v Antonelli, 102 AD2d 258, 260-261, affd 64 NY2d 1158; see Kanterakis v Minos Realty I, LLC, 151 AD3d 950, 951; Tribeca Lending Corp. v Huseinovic, 151 AD3d 901, 902; Cunningham v Baldari, 100 AD3d 584, 585). Here, the appellant's submissions were sufficient to raise a triable issue of fact as to whether the mortgage was duly executed. Contrary to the appellant's contention, the unsworn letter from his forensic expert stating that, in her opinion, it was "probable" that the appellant did not sign the mortgage or the mortgage rider, was insufficient to raise a triable issue of fact as to the validity of the signatures (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384). However, the appellant also submitted his detailed affidavit, along with other supporting documents, which raised a triable issue of fact as to whether the challenged signatures were forged (see Countrywide Home Loans, Inc. v Gomez, 138 AD3d 670, 671; Estaba v Estaba, 129 AD3d 601, 601; Cooper Capital Group, Ltd. v Densen, 104 AD3d 898, 898; Seaboard Surety v Earthline Corp., 262 AD2d 253, 253; Hoffman v Kraus, 260 AD2d 435, 436).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court