Kanterakis v Kanterakis (2019 NY Slip Op 02509)





Kanterakis v Kanterakis


2019 NY Slip Op 02509


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-12372
2016-10204
 (Index No. 200615/12)

[*1]Nikolaos Kanterakis, appellant, 
v
Emily Kanterakis, respondent.


Nassau/Suffolk Law Services Committee, Inc., Hempstead, NY (Rosina Caputo of counsel), for appellant.
Salvatore A. Lecci, Plainview, NY, for respondent.
In an action for a divorce and ancillary relief, the plaintiff appeals, (1) by permission, from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated November 13, 2015, and (2) from a judgment of the same court entered July 12, 2016. The order dated November 13, 2015, insofar as appealed from, granted the defendant's application for an award of an attorney's fee to the extent of awarding her $60,000, which would be reduced to $35,000 in the event this Court were to reverse a judgment of the Supreme Court, Queens County, entered December 10, 2014, in an action entitled Kanterakis v Minos Realty I, LLC, Queens County Index No. 13283/2010, declaring that the plaintiff in that action, Nikolaos Kanterakis, is the owner of certain real property in Queens County. The judgment entered July 12, 2016, insofar as appealed from, directed the plaintiff to pay the award of an attorney's fee, subject to that condition. The judgment entered December 10, 2014, in Kanterakis v Minos Realty I, LLC, was reversed by decision and order of this Court dated June 21, 2017 (see Kanterakis v Minos Realty I, LLC, 151 AD3d 950).
By order to show cause dated February 23, 2018, as amended May 10, 2018, the parties were directed, inter alia, to show cause why an order should or should not be entered dismissing the appeal from the order dated November 13, 2015, on the ground that the ability to appeal from the order terminated upon entry of the judgment on July 12, 2016. By decision and order on motion dated June 15, 2018, this Court, inter alia, held in abeyance that branch of the motion which is to dismiss the appeal from the order dated November 13, 2015, and referred that



DECISION & ORDER
branch of the motion to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals from the order dated November 13, 2015, and the judgment entered July 12, 2016, it is,
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated November 13, 2015, is granted, and the appeal from that order is dismissed, as any ability to appeal from that order terminated upon the entry of the judgment entered July 12, 2016 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated November 13, 2015, are brought up for review on the appeal from the judgment entered July 12, 2016 (see CPLR 5501[a][1]); and it is further,
ORDERED that the judgment entered July 12, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In this action, the Supreme Court awarded the defendant an attorney's fee in the sum of $60,000, which would be reduced to $35,000 in the event this Court were to reverse a judgment of the Supreme Court, Queens County, entered December 10, 2014, in an action entitled Kanterakis v Minos Realty I, LLC, Queens County Index No. 13283/2010, declaring that the plaintiff in that action, Nikolaos Kanterakis, is the owner of certain real property in Queens County. That judgment was reversed by decision and order of this Court dated June 21, 2017 (Kanterakis v Minos Realty I, LLC, 151 AD3d 950).
The defendant, as the less-monied spouse, is presumed to be entitled to an attorney's fee (see Domestic Relations Law § 237[a]; Papakonstantis v Papakonstantis, 163 AD3d 839, 842). The defendant's total attorney's fee in this action amounted to approximately $137,000, which, at the time of her application for an attorney's fee, had not been paid. During the course of the marriage, the plaintiff acquiesced in the management of the plaintiff's assets in the United States by the defendant, who used income from those assets to support herself and her children. The Supreme Court awarded most of the marital property to the plaintiff based on findings of "wrongdoing" on the part of the defendant in the management of those properties, and took that "wrongdoing" into account in its award of an attorney's fee. Based upon the evidence of the parties' relative financial circumstances, the court's award was a provident exercise of its discretion.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court