Pinnock v Pennant (2025 NY Slip Op 06202)

Pinnock v Pennant

2025 NY Slip Op 06202

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-00596
 (Index No. 515588/19)

[*1]Oneil Pinnock, etc., appellant,
v
Marjorie Pennant, et al., respondents.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
The Sharma Law Group PLLC, Brooklyn, NY (Jageshwar Sharma and Zara Watkins of counsel), for respondent Marjorie Pennant.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer and Edward A. Vincent of counsel), for respondents Frank Thomson and Pennymac Loan Services, LLC.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 4, 2022. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated July 21, 2021, granting the motion of the defendants Frank Thomson and Pennymac Loan Services, LLC, for summary judgment dismissing the amended complaint insofar as asserted against them and on their counterclaims and to cancel a notice of pendency and denying the plaintiff's cross-motion for summary judgment on the amended complaint.
ORDERED that the order dated January 4, 2022, is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
This action involves a dispute concerning certain real property located in Brooklyn (hereinafter the property). In 2002, Jannette L. Ford acquired title to the property. Thereafter, in 2008, she purportedly executed a deed (hereinafter the 2008 deed) conveying the property to her daughter, the defendant Marjorie Pennant. The 2008 deed was properly recorded in July 2008. Subsequently, in 2019, Pennant executed a deed conveying the property to the defendant Frank Thomson. To finance the purchase, Thomson obtained a loan from Equity Prime Mortgage, LLC, which was secured by a mortgage on the property. The mortgage was later assigned to the defendant Pennymac Loan Services, LLC (hereinafter Pennymac).
In 2019, the plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to the property and for a judgment declaring that Ford's estate is the owner of the property. The amended complaint alleged, among other things, that Ford's signature on the 2008 deed was forged.
Thomson and Pennymac (hereinafter together the moving defendants) separately answered the amended complaint and asserted counterclaims pursuant to RPAPL article 15 to quiet [*2]title to the property and for a judgment declaring that Thomson is the fee simple owner of the property. Thereafter, the moving defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them and on their counterclaims and to cancel a notice of pendency. The plaintiff cross-moved for summary judgment on the amended complaint. In an order dated July 21, 2021, the Supreme Court granted the moving defendants' motion and denied the plaintiff's cross-motion. Subsequently, the plaintiff moved for leave to reargue his cross-motion and his opposition to the moving defendants' motion. In an order dated January 4, 2022, the court, among other things, upon reargument, adhered to its prior determination in the order dated July 21, 2021. The plaintiff appeals.
"'To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit'" (150A 30 St. Trust, Israel Grossman Trustee v Barca Dev., LLC, 225 AD3d 646, 646 [internal quotation marks omitted], quoting 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005). "A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (Citibank N.A. v Burns, 187 AD3d 839, 840 [internal quotation marks omitted]; see Faison v Lewis, 25 NY3d 220, 225). However, "[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878, 880 [internal quotation marks omitted]; see Kanterakis v Minos Realty I, LLC, 151 AD3d 950, 952).
Here, the moving defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them and on their counterclaims. In opposition to the moving defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact and failed to establish his prima facie entitlement to judgment as a matter of law on the amended complaint.
Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination granting the moving defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them and on their counterclaims and to cancel the notice of pendency and denying the plaintiff's cross-motion for summary judgment on the amended complaint.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court