Maximilian- Moss, S.
The propounded instrument offered for probate dated March 28, 1925, was executed 38 years ago. Proof has been submitted that one of the subscribing witnesses is deceased and the whereabouts of the other witness is unknown. The genuineness of decedent’s handwriting and of the deceased witnesses have been proved.
The missing witness had been associated with decedent for approximately two years prior to the execution of the propounded instrument. Thereafter, he had expressed an intention to return to his native country of Scotland. Due to the long span of years since the execution of the instrument proof of the handwriting of the witness could not be obtained despite diligent efforts by proponent to do so.
The authenticity of an ancient document over 30 years old under certain conditions such as its unsuspicious appearance, *624 place of custody and other circumstances are deemed sufficient to establish its genuineness of execution without proof of the handwriting thereon (Matter of Barney, 185 App. Div. 782, 798, 799, and cases therein cited; Layton v. Kraft, 111 App. Div. 842, 847; Matter of Webster, 106 App. Div. 360, affd. 186 N. Y. 549; Dodge v. Gallatin, 130 N. Y. 117, 134). The same rule applies to an ancient will (Wigmore, Evidence [3d ed.], §§ 2137, 2145; Matter of Hehn, 6 Misc 2d 801). The propounded instrument contains an attestation clause subscribed by the witnesses which is entitled to great weight (Matter of Hock, 160 Misc. 621; Matter of Felson, 206 Misc. 988; Matter of Zipkin, 3 Misc 2d 396).
The court is satisfied with the genuineness of the instrument, the validity of its execution and the competency of the decedent (Decedent Estate Law, § 21; Surrogate’s Ct. Act, § 144). The testimony and proof of handwriting of the subscribing witness whose whereabouts is unknown is dispensed with. Probate of the instrument is decreed.