John T. Clancy, S.
In this uncontested probate proceeding, the proposed instrument is dated September 5,1911. The testatrix died February 26, 1914. A search for the three witnesses to the purported will, showed one to be dead. After 56 years, no trace of the other two has been discovered. Admission of the document is therefore sought under the ancient document rule.
Wigmore sets three standards on which a document is to be admitted as an ancient document. The first is that it is over 30 years old, which is easily met here. The second is that it be taken from a natural place of custody, and the third that it be of an unsuspicious nature. (7 Wigmore, Evidence [3d ed.], §§ 2137-2140.)
*966 The purported will contains an attestation clause and one of the witnesses has been shown to be an attorney. The petitioner has also offered another document executed at about the same time as the purported will by the decedent and acknowledged before a notary by her, showing the same signature as upon the purported will.
The purported will was found in a cardboard box in the attic of the petitioner’s home by an attorney, seeking to clear title to some real property. Within the cardboard box were a number of letters, newspaper clippings and other documents relating to the decedent and her family. The papers were received by the petitioner from her aunt, Josephine Kennington, now dead, who is named as sole beneficiary of the decedent in the proposed will. Writing of the requirement of a natural custody of the document, Wigmore states: “The important feature of this requirement is that no one custody is to be esteemed the necessary one. All that is required is that it be a natural one.” (7 Wigmore, Evidence [3d ed.], § 2139.)
The court is satisfied as to the genuineness of the signature, the unsuspicious appearance of the instrument, its production from a natural place of custody, and the recitals of the attestation clause. The purported instrument will be admitted to pro- • bate as the last will and testament of the decedent and the testimony of dead and absent witnesses is dispensed with. (Matter of Hehn, 6 Misc 2d 801.) Submit decree on notice.