■ In the Matter of GEORGE C. DAVIS, Deceased. MARION BARRETT, Respondent; SHARON HOSPITAL, INC., Appellant.—In a proceeding seeking to admit to probate a will dated October 10, 1986, of the testator George C. Davis, the objectant, Sharon Hospital, Inc., appeals from an order of the Surrogate's Court, Dutchess County (Benson, S.), dated October 4, 1988, which, after a hearing, dismissed its objections to the testator's will.

Ordered that the order is affirmed, with costs payable by the appellant.

Based upon a review of the record herein, we conclude that the Surrogate's Court properly determined that the testator possessed the requisite testamentary capacity when he revoked his first will dated March 26, 1986, in which the objectant Sharon Hospital, Inc. was named as a residuary legatee. It is well established that in order to revoke a will, a testator must have the same capacity which is necessary to execute the instrument *(see, Matter of Goldsticker,* 192 NY 35). In the case at bar, the proponent of the testator's subsequent will dated October 10, 1986, proffered, *inter alia,* the testimony of the testator's attorney who witnessed the testator's revocation of the March 1986 will, the psychiatrist who treated the testator during the period in question, the director of the nursing home where the testator resided, and the testator's attending nurse. This evidence established that the testator, prior to revoking the March 1986 instrument, identi-

fied the document, read it aloud and expressed his desire to destroy the document. Thereafter, the testator tore the document into several pieces. Photographs depicting the testator's actions of tearing the March 1986 will were also introduced into evidence. The testimony further established that during this time, the testator appeared competent and did not demonstrate any signs of confusion.

The objectant thereafter produced medical testimony and records attesting to the fact that the testator had suffered a cerebrovascular accident in August 1986 and since that time had suffered from periods of confusion. This evidence, however, failed to rebut the proponent's prima facie showing that the testator was not in a confused state and was competent at the time he revoked the March 1986 will. In view thereof, the Surrogate's Court acted properly in dismissing the filed objections to the probate of the will dated October 10, 1986. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.