▮ In the Matter of the Estate of ILONA WELTZ, Deceased. HENRY WELTZ et al., Respondents; MURRAY WELTZ, Appellant. [791 NYS2d 141]—

In a contested probate proceeding, the objectant appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Queens County (Nahman, S.), dated August 4, 2003, as granted those branches of the petitioners' motion which were for summary judgment dismissing the second and third objections to probate, and that portion of the fourth objection which

alleged that the proponents procured the will through the exercise of undue influence, and admitted the will to probate.

Ordered that the decree is affirmed insofar as appealed from, with costs.

The Surrogate's Court properly granted summary judgment dismissing that portion of the fourth objection which alleged that the proponents procured the will through the exercise of undue influence. The objectant failed to submit any evidence, beyond conclusory allegations and speculation, that the proponents actually exercised undue influence over the decedent (*see Matter of Walther,* 6 NY2d 49, 53, 54 [1959]; *Children's Aid Socy. v Loveridge,* 70 NY 387, 394-395 [1877]; *see also Matter of Herman,* 289 AD2d 239, 240 [2001]).

The Surrogate's Court also properly granted summary judgment dismissing the second objection finding that the will was duly executed pursuant to the formal requirements of execution and attestation set forth in EPTL 3-2.1. There was a presumption of regularity because the attorney-drafter supervised the will's execution, and the objectant failed to overcome that presumption (*see Matter of Weinberg,* 1 AD3d 523 [2003]).

Lastly, the Surrogate's Court properly granted summary judgment dismissing the third objection alleging lack of testamentary capacity concluding that at all relevant times, including when the will was executed, the decedent possessed the testamentary capacity to make a will, as she understood the nature and consequences of making a will, knew the nature and extent of her property, and knew those who would be considered the natural objects of her bounty (*see Matter of Kumstar,* 66 NY2d 691, 692 [1985]). H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.