■ In the Matter of the Estate of PAT TUCCIO, Also Known as PATSY TUCCIO, Also Known as PASQUALE TUCCIO, Deceased. PATRICIA HAGEN TUCCIO, Respondent; PATRICIA TUCCIO, Appellant. [832 NYS2d 609]—

In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, Jr., J.), dated September 30, 2005, which, upon, inter alia, an order of the same court dated March 31, 2005 granting the petitioner's motion for summary judgment dismissing the objections to probate, admitted the will to probate.

Ordered that the decree is affirmed, with costs to the petitioner payable by the objectant-appellant personally.

Contrary to the objectant's contention, the petitioner adhered to the court-ordered time frame for filing of dispositive motions, and thus, her motion for summary judgment dismissing the objections to probate was properly considered by the Surrogate's Court (*see* CPLR 3212 [a]; *cf. Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]; *Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *J & A Vending v J.A.M. Vending*, 303 AD2d 370, 371-372 [2003]).

The Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection for improper execution. Where, as here, the attorney draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects (*see Matter of Weltz*, 16 AD3d 428 [2005]; *Matter of Weinberg*, 1 AD3d 523 [2003]). In opposition to the petitioner's prima facie showing that the will was properly executed in ac-

cordance with the formal requirements of EPTL 3-2.1, the objectant failed to raise a triable issue of fact to support her objection for improper execution or relating to the genuineness of the decedent's signature on the will (*see Matter of Weltz, supra; Matter of Weinberg, supra; Matter of Terry,* NYLJ, Oct. 8, 1998, at 31, col 4; *Matter of Wilson,* NYLJ, Aug. 18, 1998, at 22, col 5).

The Surrogate's Court also properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection for lack of testamentary capacity. In opposition to the petitioner's prima facie showing that the decedent was alert and of sound mind at the time of execution and that he knew the nature of the act he was performing, the extent of his property, and the natural objects of his bounty, the objectant failed to raise a triable issue of fact as to the decedent's alleged lack of testamentary capacity (*see Matter of Kumstar,* 66 NY2d 691, 692 [1985]; *Matter of Weltz, supra; Matter of Spinello,* 291 AD2d 406 [2002]; *Matter of Herman,* 289 AD2d 239 [2001]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.