■ In the Matter of Estate of ARTHUR MOSKOFF, Deceased. GEORGE MOSKOFF, Respondent; DAVID MOSKOFF, Appellant, and JAWONIO FOUNDATION, INC., et al., Respondents. [836 NYS2d 708]—

In a contested probate proceeding, David Moskoff appeals from (1) an order of the Surrogate's Court, Rockland County (Del Pizzo, S.), dated November 9, 2005, which granted the petitioner's motion for summary judgment dismissing his objections, and (2) a decree of the same court dated December 12, 2005, which admitted the will to probate.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the decree is reversed, on the law, without costs or disbursements, that branch of the petitioner's motion which was for summary judgment dismissing the objection based on lack of testamentary capacity is denied, and the order dated November 9, 2005, is modified accordingly.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree.

On his motion for summary judgment, the petitioner established his entitlement to judgment as a matter of law. In opposition, David Moskoff, an objectant to the will, failed to raise a

triable issue of fact as to whether the will was duly executed pursuant to EPTL 3-2.1. Notably, since the attorney draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects (*see Matter of Tuccio*, 38 AD3d 791 [2007]; *Matter of Weltz*, 16 AD3d 428 [2005]; *Matter of Spinello*, 291 AD2d 406 [2002]). Furthermore, the attestation clause and self-proving affidavit give rise to a presumption of compliance with all statutory provisions (*see Matter of Collins*, 60 NY2d 466, 471 [1983]). Similarly, there were no triable issues of fact raised as to the alleged undue influence or fraud. However, there were triable issues of fact raised in response to the petitioner's showing that the testator possessed the requisite testamentary capacity to make a will. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.