■ In the Matter of RALPH SCHLAEGER, Deceased. HERBERT H. HOCHBERG, Respondent; JUDITH SCHLAEGER et al., Appellants. [903 NYS2d 12]—

Amended decree, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about August 10, 2009, admitting the subject will to probate, and bringing up for review an order, same court and Surrogate, entered on or about July 27, 2009, which granted proponent's motion for summary judgment dismissing the objections to probate and denied objectants' motion for further discovery, unanimously affirmed, without costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the above decree.

Proponent met his burden of establishing the decedent's testamentary capacity with the self-proving affidavit of the attesting witnesses stating that the decedent was of "sound mind, memory and understanding" and was not incompetent (*Matter of Friedman*, 26 AD3d 723, 725 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Korn*, 25 AD3d 379, 379 [2006]; *Matter of Clapper*, 279 AD2d 730, 731 [2001]). In addition, proponent presented the testimony of five disinterested witnesses who each attested to the decedent's capacity on the date of execution, and also presented evidence that the decedent was aware of the assets passing under his will and knew that objectants were the natural objects of his bounty but consciously decided not to make a bequest to them (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]). No triable issues of fact bearing on capacity are raised by the medical records on which objectants rely, which show that while decedent was terminally ill and initially confused and disoriented upon his admission to the hospital, his cognitive facilities quickly improved and he was lucid on the days before and on the date he made the will (*see Matter of Margolis*, 218 AD2d 738, 739 [1995], *lv denied* 88 NY2d 802 [1996]; *see also Friedman*, 26 AD3d at 725; *Matter of Hedges*, 100 AD2d 586, 588 [1984], *appeal dismissed* 63 NY2d 944 [1984]). It therefore appears, as the Surrogate stated, that objectants' motion for further discovery to depose medical personnel who attended the decedent in the hospital amounts to a fishing expedition (*see Matter of Dietrich*, 271 AD2d 894 [2000]). The motion was also belated. Objectants offer no

explanation for not having requested the decedent's medical records until almost a year after they commenced depositions, nor do they explain why they did not seek further discovery until four months after they received the medical records (*see Korn*, 25 AD3d at 380).

Proponent established prima facie due execution of the will with the affidavits and testimony of the attesting witnesses and attorney-drafter. Where, as here, the attorney-drafter supervises the execution of the will, there is a presumption of regularity that the will was properly executed in all respects (*Matter of Moskoff*, 41 AD3d 481, 482 [2007]; *Hedges*, 100 AD2d at 587). In addition, the attestation clause and self-proving affidavit give rise to a presumption of compliance with all statutory provisions and constitutes prima facie evidence of the facts attested to therein by the witnesses (*id.*; *Clapper*, 279 AD2d at 731). There was no inconsistency in the evidence regarding which of the two attorneys present supervised the execution of the will and, in any event, such a discrepancy would be insufficient to overcome the presumption of due execution raised by the self-proving affidavit (*see Matter of Leach*, 3 AD3d 763, 765 [2004]).

We have considered objectants' remaining arguments and find them to be without merit. Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.