■ In the Matter of ROSEMARY MOONEY, Deceased. GEORGE MOONEY, Appellant; THERESA McINTYRE, Respondent. [903 NYS2d 490]—

In a contested probate proceeding, the objectant appeals (1) from an order of the Surrogate's Court, Richmond County (Gigante, S.), dated March 6, 2009, which, inter alia, granted the petitioner's motion for summary judgment, dismissed the objections to probate, reinstated a previously vacated decree which admitted to probate the decedent's will dated December 20, 2005, and denied that branch of his cross motion which was for summary judgment dismissing the probate petition, and (2), as limited by his brief, from so much of an order of the same court dated July 7, 2009, as, upon reargument, adhered to the original determination in the order dated March 6, 2009.

Ordered that the appeal from the order dated March 6, 2009,

is dismissed, as that order was superseded by the order dated July 7, 2009, made upon reargument; and it is further,

Ordered that the order dated July 7, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

Rosemary Mooney (hereinafter the decedent) died on December 29, 2005, at the age of 82, at Staten Island University Hospital, survived by four sons. Two days after she was admitted to the hospital on December 18, 2005, she executed a will that her nephew had previously drafted at her request, in a ceremony that he supervised at the hospital in the presence of the decedent's two nieces. Under the terms of the will dated December 20, 2005, the decedent's sister was appointed the executor of the estate, her son George received the real property which the decedent owned in New Jersey, half of the net proceeds from the sale of her Staten Island residence, half of her personal property, and half of the residuary estate, while the remainder of the estate was divided equally among the decedent's sister, her daughter-in-law, and three grandchildren.

Six months after the will was admitted to probate, the Surrogate permitted George (hereinafter the objectant) to withdraw his consent to probate and file objections to probate based on lack of due execution, lack of testamentary capacity, fraud, and undue influence.

Following discovery, the petitioner-executor moved for summary judgment dismissing the objections to probate. The objectant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the probate petition.

The petitioner made a prima facie showing that the propounded will was duly executed pursuant to EPTL 3-2.1 (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) by submitting the deposition testimony of the attorney-drafter and the two witnesses to the will, neither of whom was a beneficiary under the will, regarding the events preceding the will execution and the ceremony supervised by the attorney-drafter. The attestation clause and self-proving affidavit accompanying the propounded will also gave rise to a presumption of compliance with the statutory requirements (see Matter of Collins, 60 NY2d 466, 471 [1983]; Matter of Malan, 56 AD3d 479 [2008]; Matter of Moskoff, 41 AD3d 481 [2007]). In opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law dismissing the objection alleging that the will was not duly executed, the unsupported assertion of the objectant's experts that the decedent's signature on the will was forged was insuf-

ficient to raise a triable issue of fact (*see Matter of James*, 17 AD3d 366 [2005]; *Matter of Herman*, 289 AD2d 239, 240 [2001]).

The petitioner also established that the decedent understood the nature and consequences of making a will, the nature and extent of her property, and the natural objects of her bounty (*see Matter of Kumstar*, 66 NY2d 691 [1985]). In opposition, the objectant failed to raise a triable issue of fact regarding the decedent's alleged lack of testamentary capacity (*see Matter of Tuccio*, 38 AD3d 791 [2007]; *Matter of Weinberg*, 1 AD3d 523, 524 [2003]; *Matter of Rosen*, 291 AD2d 562 [2002]).

The objectant also failed to raise a triable issue of fact in opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law dismissing the objections alleging fraud and undue influence. These objections rested on the objectant's pure speculation that such issues may arise if the decedent's signature was forged and she lacked testamentary capacity, which have been determined to be without merit (*see Matter of Eastman*, 63 AD3d 738, 740 [2009]; *Matter of Klingman*, 60 AD3d 949, 950 [2009]).

The objectant's remaining contention is without merit. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.