■ In the Matter of JOHN FARRELL, Deceased. PATRICIA HUFF, Respondent; JOHN J. FARRELL, JR., Appellant. [923 NYS2d 885]—

In a contested probate proceeding, the objectant appeals (1) from a decision of the Surrogate's Court, Nassau County (Riordan, S.), dated March 31, 2010, and (2) from so much of an order of the same court dated April 16, 2010, as, upon the decision, granted that branch of the petitioner's motion which was for summary judgment dismissing his objection to the probate of the will based on lack of due execution.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the objectant personally.

In support of that branch of her motion which was for summary judgment dismissing the objection based on lack of due execution, the petitioner established her prima facie entitlement to judgment as a matter of law demonstrating that the subject will was duly executed pursuant to EPTL 3-2.1 by submitting, inter alia, the deposition testimony of the attorney draftsperson and the two witnesses to the will, neither of whom was a beneficiary under the will, regarding the events preceding the will execution and the ceremony supervised by the attorney draftsperson (*see Matter of Mooney*, 74 AD3d 1073 [2010]). Further, where, as here, the drafting attorney supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects (*see Matter of Schlaeger*, 74 AD3d 405, 407 [2010]; *Matter of Moskoff*, 41 AD3d 481 [2007]). The attestation clause and self-proving affidavit accompanying the propounded will also give rise to a presumption of compliance with the statutory requirements (*see Matter of Collins*, 60 NY2d 466, 471 [1983]; *Matter of Schlaeger*, 74 AD3d at 407; *Matter of Malan*, 56 AD3d 479 [2008]; *Matter of Castiglione*, 40 AD3d 1227, 1228 [2007]; *Matter of Moskoff*, 41 AD3d at 482).

In opposition, the objectant failed to raise a triable issue of fact. Contrary to the objectant's contentions, neither the attesting witnesses' failure to recall certain details of the execution ceremony nor their failure to recall whether they had acted as witnesses for another document on behalf of the decedent were sufficient to rebut the presumption of due execution (*see Matter of Collins*, 60 NY2d at 471).

The objectant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objectant's objection based on lack of due execution. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.