■ In the Matter of the Estate of FRED DERRICK, Also Known as ALFRED DERRICK, Deceased. MILDRED JOSEPH, Appellant; PUBLIC ADMINISTRATOR OF KINGS COUNTY et al., Respondents. [931 NYS2d 133]—

A document (hereinafter the Derrick will) purporting to be the will of Fred Derrick, also known as Alfred Derrick (hereinafter the decedent), was executed on September 30, 1977, under the supervision of an attorney. The Derrick will contains an attestation clause and was subscribed by witnesses whose signatures were notarized. The Derrick will devised certain real property located in Brooklyn (hereinafter the real property) to one of the decedent's three daughters, Bella Rogers. The decedent died on November 30, 1977, and his will was filed with the Surrogate's Court, Kings County, in April 1978. Rogers died intestate in 2000, and the Public Administrator of Kings County (hereinafter the Public Administrator) was appointed to oversee her estate.

In May 2003, a photocopied document was submitted to the Probate Department of the Surrogate's Court, Kings County, purporting to be the will of the decedent (hereinafter the 2003 instrument). The 2003 instrument provided that the real property was to be divided equally among the decedent's three daughters, including Mildred Joseph.

In January 2008, the Public Administrator filed a petition to admit the Derrick will to probate, and Mildred Joseph (hereinafter the objectant) filed objections thereto. In an order dated March 11, 2010, the Surrogate's Court, inter alia, granted the Public Administrator's motion for summary judgment dismissing the objections. In a decree dated April 5, 2010, the Derrick will was admitted to probate.

The Surrogate's Court properly awarded summary judgment dismissing the objections and properly admitted the Derrick will to probate. The Public Administrator established, prima facie, that the Derrick will had been on file in the Probate Department of the Surrogate's Court, Kings County, since 1978. Therefore, it was an ancient document, exempt from the requirements of SCPA 1405 (4), that, where the witnesses to a will are deceased, the handwriting of the testator and at least one witness must be proved (*see Matter of Gallagher*, 23 Misc 3d 1126[A], 2009 NY Slip Op 50951[U] [2009]; *Matter of Brit-*

*tain,* 54 Misc 2d 965 [1967]; *Matter of Samelson,* 40 Misc 2d 623 [1963]). In addition, the will contained an attestation clause, which is prima facie evidence of proper execution (*see Matter of Collins,* 60 NY2d 466 [1983]; *Matter of Gallagher,* 23 Misc 3d 1126[A], 2009 NY Slip Op 50951[U] [2009]). The will was prepared by an attorney, thereby giving rise to a presumption of proper execution (*see Matter of Mooney,* 74 AD3d 1073 [2010]; *Matter of Tuccio,* 38 AD3d 791 [2007]; *Matter of Weltz,* 16 AD3d 428 [2005]; *Matter of Weinberg,* 1 AD3d 523 [2003]; *Matter of Finocchio,* 270 AD2d 418 [2000]; *Matter of Brittain,* 54 Misc 2d at 966). In opposition, the objectant failed to raise a triable issue of fact (*see Matter of Mooney,* 74 AD3d at 1074; *Matter of Tuccio,* 38 AD3d at 791-792; *Matter of Weinberg,* 1 AD3d 523 [2003]). The objectant also failed to raise a triable issue of fact as to the validity of the decedent's signature (*see Matter of James,* 17 AD3d 366 [2005]), or to otherwise offer proof in support of her objections (*see Matter of Moskoff,* 41 AD3d 481 [2007]; *Matter of DiCorcia,* 35 AD3d 463 [2006]).

The objectant's remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.