■ In the Matter of JOHNNIE M. WILLIAMS, Also Known as JOHNNIE MAE WILLIAMS and Others, Deceased. CHARLES E. WILLIAMS, Respondent; BENNIE E. HAYES, SR., Also Known as BEN-

NIE EUGENE HAYES, as Executor of ALICE HARRELL JACKSON, Deceased, Appellant. [935 NYS2d 662]—

The petitioner, as executor of the decedent's estate, offered a will dated March 24, 2005, for probate. The decedent's sister, Alice Harrell Jackson (hereinafter the objectant), filed objections to probate based on lack of due execution. Thereafter, the petitioner moved for summary judgment on the petition and, in effect, dismissing the objections to probate. The objectant opposed the motion, inter alia, on the ground that the attestation clause in the will did not satisfy the statutory requirement for a self-proving affidavit. The Surrogate's Court, among other things, granted the petitioner's motion, and admitted the will to probate. While this appeal was pending, this Court granted the application of Bennie E. Hayes, Sr., also known as Bennie Eugene Hayes, executor of the estate of Alice Harrell Jackson, to be substituted for the deceased objectant.

The petitioner made a prima facie showing that the propounded will was duly executed pursuant to EPTL 3-2.1 by submitting, inter alia, the will, which contains an executed attestation clause, and the affidavits of the attesting witnesses (*see Matter of Farrell*, 84 AD3d 1374 [2011]; *Matter of Murray*, 84 AD3d 106, 115 [2011]; *Matter of Mooney*, 74 AD3d 1073, 1074 [2010]; *Matter of Schlaeger*, 74 AD3d 405, 407 [2010]; *Matter of Castiglione*, 40 AD3d 1227, 1228-1229 [2007]). In opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law on the petition and dismissing the objections based on lack of due execution, the appellant failed to raise a triable issue of fact (*see Matter of Farrell*, 84 AD3d at 1374; *Matter of Tuccio*, 38 AD3d 791, 791-792 [2007]). The appellant's contention, in effect, that the Surrogate's Court erred in considering the interrogatories of the attesting wit-

nesses is improperly raised for the first time on appeal (*see Birch Hill Farm v Reed*, 272 AD2d 282, 283 [2000]).

Accordingly, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment, in effect, dismissing the objections to probate based on lack of due execution, in effect, granted that branch of the motion which was for summary judgment on the petition, and admitted the will to probate. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.