■ In the Matter of ANNMARIE TEMPLETON, Also Known as ANNEMARIE TEMPLETON, Deceased. MARGHERITA VESELI, Respondent; FRANCINE SAGINARIO, Appellant. [983 NYS2d 610]—

In a contested probate proceeding, the objectant appeals from an order and decree (one paper) of the Surrogate's Court, Queens County (Kelly, S.), dated April 17, 2012, which granted the petitioner's motion for summary judgment dismissing her objections to probate based on lack of due execution, lack of testamentary capacity, undue influence, and fraud, and admitted to probate the last will and testament of Annmarie Templeton, also known as Annemarie Templeton, dated May 18, 2010.

Ordered that the order and decree is affirmed, with costs payable to the petitioner by the appellant personally.

The petitioner, as executrix of the decedent's estate, offered a will for probate. One of the decedent's nieces, Francine Saginario (hereinafter the objectant), filed objections to probate based on lack of due execution, lack of testamentary capacity, undue influence, and fraud. Thereafter, the petitioner moved for summary judgment dismissing the objections to probate. In the order and decree appealed from, the Surrogate's Court granted the petitioner's motion and admitted the will to probate.

In support of that branch of her motion which was for summary judgment dismissing the objection based on lack of due execution, the petitioner made a prima facie showing that the will was duly executed pursuant to EPTL 3-2.1. The deposition testimony of the attorney-drafter, who supervised the execution of the will and acted as an attesting witness, and of the second attesting witness, demonstrated that the statutory requirements for due execution were satisfied (*see Matter of Rottkamp*, 95 AD3d 1338, 1339 [2012]; *Matter of Farrell*, 84 AD3d 1374, 1374 [2011]; *Matter of Mooney*, 74 AD3d 1073, 1074 [2010]). "Further, where, as here, the drafting attorney supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (*Matter of Farrell*, 84 AD3d at 1374; *see Matter of Moskoff*, 41 AD3d 481, 482 [2007]; *Matter of Tuccio*, 38 AD3d 791, 791 [2007]). "The attestation clause and self-proving affidavit accompanying the propounded will also give rise to a presumption of compliance with the statutory requirements" (*Matter of Farrell*, 84 AD3d at 1374; *see Matter*

*of Rottkamp*, 95 AD3d at 1339; *Matter of Moskoff*, 41 AD3d at 482). In opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law dismissing the objection based on lack of due execution, the objectant relied on hearsay evidence, which, by itself, was insufficient to raise a triable issue of fact (*see Sprotte v Fahey*, 95 AD3d 1103, 1104-1105 [2012]; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996, 997 [2011]; *Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]).

The petitioner established her prima facie entitlement to judgment as a matter of law dismissing the objection based on lack of testamentary capacity by submitting the self-proving affidavit and the deposition testimony of the attesting witnesses. The petitioner's submissions demonstrated that the decedent understood the nature and consequences of making the will, the nature and extent of her property, and the natural objects of her bounty (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Rottkamp*, 95 AD3d at 1339; *Matter of Mooney*, 74 AD3d at 1075). In opposition, the objectant failed to raise a triable issue of fact as to whether the decedent lacked testamentary capacity (*see Matter of DiCorcia*, 35 AD3d 463, 464 [2006]; *Matter of Davis*, 154 AD2d 461, 462 [1989]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d at 997; *Matter of Chiurazzi*, 296 AD2d 406, 407 [2002]; *Matter of Margolis*, 218 AD2d 738, 739 [1995]).

The objections based on undue influence and fraud were also properly dismissed. In opposition to the petitioner's prima facie showing that the will was not the product of undue influence or fraud (*see Matter of Rottkamp*, 95 AD3d at 1339-1340), the objectant failed to raise a triable issue of fact (*see Matter of Eastman*, 63 AD3d 738, 740 [2009]; *Matter of Weltz*, 16 AD3d 428, 429 [2005]; *see also Mallen v Farmingdale Lanes, LLC*, 89 AD3d at 997).

Accordingly, the Surrogate's Court properly granted the petitioner's motion for summary judgment dismissing the objections to probate, and admitted the will to probate. Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.