In a contested probate proceeding, the objectant Joanne Flaster appeals from an order and decree (one paper) of the Surrogate’s Court, Kings County (Lopez Torres, S.), dated June 13, 2012, which, upon a decision of the same court dated March 7, 2012, granted the petitioners’ motion for summary judgment *959 dismissing the objections to probate of a propounded will dated December 22, 2005, and admitted the will to probate.
Ordered that the order and decree is affirmed, with costs to the petitioners-respondents payable by the objectant-appellant personally.
The decedent died on March 23, 2007, without issue or surviving spouse. The petitioners, co-executors of the decedent’s estate, commenced this proceeding to admit to probate a last will and testament dated December 22, 2005. Subsequently, the decedent’s great niece, Joanne Piaster (hereinafter the appellant), among others, filed objections to probate of the will on the grounds that the decedent lacked testamentary capacity, that the will was not duly executed, and that the will was the product of undue influence and fraud. The petitioners moved for summary judgment dismissing the objections to probate. In an order and decree dated June 13, 2012, the Surrogate’s Court, upon a decision dated March 7, 2012, granted the petitioners’ motion for summary judgment dismissing the objections to probate, and admitted the will to probate.
The Surrogate’s Court properly granted that branch of the petitioners’ motion which was for summary judgment dismissing the objection based on lack of due execution. The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements (see EPTL 3-2.1; Matter of Rottkamp, 95 AD3d 1338, 1339 [2012]; Matter of Mele, 113 AD3d 858 [2014]; Matter of Greene, 89 AD3d 941, 943 [2011]). Here, the petitioners established their prima facie entitlement to judgment as a matter of law dismissing the objection based on lack of due execution by submitting, inter alla, the deposition testimony of the attorney who drafted the will and supervised the execution ceremony, along with the testimony and affidavits of the two attesting witnesses, which demonstrated that the statutory requirements for due execution were satisfied (see Matter of Mele, 113 AD3d at 858; Matter of Rottkamp, 95 AD3d at 1339; Matter of Mooney, 74 AD3d 1073, 1074 [2010]). Moreover, “[w]here, as here, the attorney draftsman supervised the will’s execution, there is a presumption of regularity that the will was properly executed in all respects” (Matter of Tuccio, 38 AD3d 791, 791 [2007]; see Matter of Weltz, 16 AD3d 428, 429 [2005]). In opposition to the petitioners’ prima facie showing, the appellant failed to raise a triable issue of fact (see Matter of Malan, 56 AD3d 479, 479 [2008]).
Further, the Surrogate’s Court properly granted that branch of the petitioners’ motion which was for summary judgment *960 dismissing the objection based on lack of testamentary capacity. The petitioners made a prima facie showing of entitlement to judgment as a matter of law dismissing that objection by submitting evidence demonstrating that the decedent understood the nature and consequences of making the will, the nature and extent of her property, and the natural objects of her bounty (see Matter of Kumstar, 66 NY2d 691, 692 [1985]; Matter of Mele, 113 AD3d at 858; Matter of Rottkamp, 95 AD3d at 1339). In opposition, the appellant failed to raise a triable issue of fact (see Matter of Rottkamp, 95 AD3d at 1339; Matter of Mooney, 74 AD3d at 1075).
The Surrogate’s Court also properly granted those branches of the petitioners’ motion which were for summary judgment dismissing the objections based on undue influence and fraud. The petitioners demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that no undue influence or fraud was exercised upon her (see Matter of Mele, 113 AD3d at 858; Matter of Rottkamp, 95 AD3d at 1340; Matter of Eastman, 63 AD3d 738, 740 [2009]). In opposition, the appellant failed to raise a triable issue of fact (see Matter of Eastman, 63 AD3d at 740; Matter of Klingman, 60 AD3d 949, 950 [2009]).
The appellant’s remaining contention is without merit.
To the extent that the appellant’s brief purports to also be submitted on behalf of the objectants Andrew Flaster, Gene Marin, Frances Fontaine, and Paul Marin, we note that those objectants are not appellants, as no notice of appeal was filed on their behalf. Dickerson, J.E, Hall, Roman and Cohen, JJ., concur.