In the Matter of CANDACE JOCEYLN CURTIS, Deceased. HEATHER CURTIS, Appellant; PAMELA BARRACK, Respondent. [13 NYS3d 496]—

In a contested probate proceeding, the objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Dutchess County (Pagones, S.), dated September 20, 2013, as, upon a decision of the same court dated August 28, 2013, dismissed the objections and admitted the last will and testament of Candace Jocelyn Curtis to probate. The notice of appeal from the decision is deemed to be a notice of appeal from the decree (*see* CPLR 5512 [a]).

Ordered that the decree is affirmed insofar as appealed from, with costs.

The determination to dismiss objections and admit a will to probate is within the sound discretion of the Surrogate's Court (*see Matter of Young*, 289 AD2d 725 [2001]; *Matter of Moczulski*, 167 AD2d 578 [1990]). Provided there is no indication that the Surrogate's Court improvidently exercised its discretion, its determination will not be disturbed, especially where the evidence establishes a prima facie case for probate and the objections fail to raise any material issue of fact concerning the validity of the will (*see Matter of Young*, 289 AD2d 725 [2001]; *Matter of Dietrich*, 271 AD2d 894, 894 [2000]).

As to the objection alleging that the decedent lacked testamentary capacity, the petitioner bore the initial burden of establishing that the decedent understood the nature and consequences of making the will, the nature and extent of her property, and the natural objects of her bounty (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Prevratil*, 121 AD3d 137, 140-141 [2014]). Here, the petitioner proffered, among other things, the self-proving affidavits of Cynthia Rosenzweig and Whitney Van Duser, each of whom declared

that the decedent was of sound mind, memory, and understanding, and not under any restraint or in any respect incompetent to make a will. Such evidence constituted prima facie evidence of the facts attested to and created a presumption of testamentary capacity (*see Matter of Vosilla*, 121 AD3d 1489 [2014]; *Matter of Prevratil*, 121 AD3d 137 [2014]). The objectant presented no evidence which would raise an issue of fact as to testamentary capacity. Thus, the Surrogate's Court properly dismissed the objection alleging that the decedent lacked testamentary capacity.

Furthermore, the Surrogate's Court properly dismissed the objection alleging undue influence. An objectant contesting the admission of a propounded instrument to probate based on the alleged exercise of undue influence must show that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his or her free will and desire, but which he or she was unable to refuse or too weak to resist (*see Matter of Marra*, 123 AD3d 1130 [2014]; *Matter of DiDomenico*, 101 AD3d 998, 1000 [2012]). Here, the objectant presented only conclusory allegations and speculation as to undue influence (*see Matter of Dietrich*, 271 AD2d at 894; *Matter of Coniglio*, 242 AD2d 901 [1997]). Accordingly, the court properly dismissed the objection alleging undue influence. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.