■ In the Matter of JACK SELVAGGIO, Also Known as JACK F. SELVAGGIO, SR., and Another, Deceased. PATRICIA SELVAGGIO et al., Respondents; CHRISTINA SELVAGGIO, Appellant. [45 NYS3d 529]—

In a contested probate proceeding, the objectant Christina Selvaggio appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated May 5, 2014, as granted those branches of the petitioners' motion which were for summary judgment dismissing her objections to probate and admitting to probate the decedent's last will and testament dated March 10, 2011.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners made a prima facie showing that the propounded will was duly executed pursuant to EPTL 3-2.1 (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by submitting the deposition testimony of the attorney-drafter and the witness to the will, neither of whom was a beneficiary thereunder, regarding the circumstances surrounding the signing of the will and the ceremony as supervised by the attorney-drafter. The attestation clause and self-proving affidavits accompanying the propounded will also gave rise to a presumption of compliance with the statutory requirements (*see Matter of Mooney*, 74 AD3d 1073, 1074 [2010]; *Matter of Malan*, 56 AD3d 479 [2008]; *Matter of Moskoff*, 41 AD3d 481 [2007]). In opposition to the petitioners' prima facie showing of entitlement to judgment as a matter of law dismissing the objection alleging that the will was not duly executed, the objectant Christina Selvaggio (hereinafter the objectant) failed to submit proof in admissible form sufficient to raise a triable issue of fact as to whether the will was not duly executed (*see Matter of Mooney*, 74 AD3d at 1074-1075; *Matter of Malan*, 56 AD3d at 479).

The petitioners also established, prima facie, that the decedent understood the nature and consequences of making a will, the nature and extent of his property, and the nature and objects of his bounty (*see Matter of Kumstar*, 66 NY2d 691 [1985]; *Matter of Mooney*, 74 AD3d at 1075). In opposition, the

objectant failed to raise a triable issue of fact regarding the decedent's alleged lack of testamentary capacity (*see Matter of Tuccio*, 38 AD3d 791 [2007]; *Matter of Weinberg*, 1 AD3d 523, 524 [2003]; *Matter of Rosen*, 291 AD2d 562 [2002]).

The objectant also failed to raise a triable issue of fact in opposition to the petitioners' prima facie showing of entitlement to judgment as a matter of law dismissing the objections alleging fraud and undue influence, or as to whether the decedent's signature on the propounded will was a forgery (*see Matter of Mooney*, 74 AD3d at 1075; *Matter of Eastman*, 63 AD3d 738, 740 [2009]).

The objectant's remaining contentions are without merit.

Accordingly, the Surrogate's Court properly granted those branches of the petitioners' motion which were for summary judgment dismissing the objectant's objections to probate and admitting to probate the decedent's last will and testament dated March 10, 2011. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.