Matter of Sabatelli (2018 NY Slip Op 03368)





Matter of Sabatelli


2018 NY Slip Op 03368


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-05762
2016-06108

[*1]In the Matter of Mary T. Sabatelli, etc., deceased. Christina Sabatelli, et al., respondents; Ralph Sabatelli, et al., appellants. (File No. 1723/13)


Seth Rubenstein, P.C., Brooklyn, NY, for appellant Ralph Sabatelli.
Jeffrey Weinstein, P.C., New York, NY, for appellant Barbara Sabatelli.
Walsh & Roth, LLP, West Babylon, NY (David I. Roth of counsel), for respondents Christina Sabatelli and Felicia Ann Barden.
Schupbach, Williams & Pavone, LLP, Garden City, NY (Paul R. Williams of counsel), for respondent Rosemarie Sabatelli.



DECISION & ORDER
In a contested probate proceeding, the objectant Ralph Sabatelli appeals, and the objectant Barbara Sabatelli separately appeals, from (1) an order of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), entered April 13, 2016, which granted the motion of the petitioner Rosemarie Sabatelli for summary judgment dismissing the objections to probate of the last will and testament of the decedent, and (2) a decree of the same court entered May 25, 2016, which, upon the order, admitted the will to probate.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioners appearing separately and filing separate briefs, payable by the objectants personally.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
On January 25, 2012, Mary T. Sabatelli (hereinafter the decedent) executed her last will and testament under the supervision of an attorney. The will bequeathed the sum of $250 to each of the decedent's three adopted children, who were previously her stepchildren. Further, the [*2]will provided that the residuary estate would be shared equally among the decedent's three biological children, and it designated the three biological children as co-executors. Following the decedent's death, her biological children (hereinafter collectively the petitioners) commenced this proceeding to admit the will to probate, and two of her adopted children (hereinafter together the objectants) filed objections to probate.
After discovery was completed, the petitioner Rosemarie Sabatelli (hereinafter Rosemarie) moved for summary judgment dismissing the objections to probate. In an order entered April 13, 2016, the Surrogate's Court granted Rosemarie's motion. In a decree entered May 25, 2016, the court, upon the order, admitted the will to probate. The objectants separately appeal.
In a contested probate proceeding, summary judgment is appropriate where a petitioner establishes a prima facie case for probate and the objectant fails to raise a triable issue of fact concerning the validity of the will (see Matter of Moskowitz, 116 AD3d 958; Matter of Colverd, 52 AD3d 971, 972; Matter of Dietrich, 271 AD2d 894, 894; see also Matter of Curtis, 130 AD3d 722, 722).
The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements (see EPTL 3-2.1[a]; Matter of Collins, 60 NY2d 466, 468; Matter of Rottkamp, 95 AD3d 1338, 1339). Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects (see Matter of Moskowitz, 116 AD3d at 959; Matter of Farrell, 84 AD3d 1374, 1374). Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises (see Matter of Mele, 113 AD3d 858, 859; Matter of Greene, 89 AD3d 941, 943).
Here, Rosemarie made a prima facie showing of entitlement to judgment as a matter of law dismissing the objections alleging lack of due execution by submitting, inter alia, the will, which contains an executed attestation clause and is accompanied by a self-proving affidavit, the transcript of the deposition testimony of the attorney-drafter, and the transcripts of the deposition testimony of the attesting witnesses (see Matter of Templeton, 116 AD3d 781; Matter of Williams, 91 AD3d 661, 662; Matter of Mooney, 74 AD3d 1073, 1074). In opposition to the prima facie showing, the objectants failed to raise a triable issue of fact (see Matter of Collins, 60 NY2d at 470-472; Matter of Halpern, 76 AD3d 429, 432, affd 16 NY3d 777; Matter of Malan, 56 AD3d 479, 479; Matter of James, 17 AD3d 366, 367). Accordingly, the Surrogate's Court properly granted that branch of Rosemarie's motion which was for summary judgment dismissing the objections alleging lack of due execution.
Additionally, the proponent of a will bears the initial burden of establishing that the decedent understood the nature and consequences of making the will, the nature and extent of his or her property, and the natural objects of his or her bounty (see Matter of Kumstar, 66 NY2d 691, 692; Matter of Prevratil, 121 AD3d 137, 140-141). In this case, the self-proving affidavit of the attesting witnesses, in which each witness declared that the decedent "was suffering no defect of sight, hearing or speech, or from any other physical or mental impairment that would affect [her] capacity to make a valid Will," constituted prima facie evidence of the facts attested to and created a presumption of testamentary capacity (see Matter of Jacobs, 153 AD3d 622, 622; Matter of Curtis, 130 AD3d at 722-723). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Mele, 113 AD3d at 860; Matter of Rottkamp, 95 AD3d at 1339). Thus, the Surrogate's Court property granted that branch of Rosemarie's motion which was for summary judgment dismissing the objections alleging that the decedent lacked testamentary capacity.
Further, we agree with the Surrogate's Court that Rosemarie was entitled to summary judgment dismissing the objections alleging undue influence. Rosemarie demonstrated her prima facie entitlement to judgment as a matter of law by presenting evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that no undue influence was exercised upon her (see Matter of Shui Yuk Mak Chin, 153 AD3d 628; Matter of Moskowitz, 116 AD3d at 960). In opposition, the objectants failed to raise a triable issue of fact (see Matter of [*3]Eastman, 63 AD3d 738, 740; Matter of Klingman, 60 AD3d 949, 950).
Accordingly, the Surrogate's Court properly granted Rosemarie's motion for summary judgment dismissing the objections to probate, and admitted the will to probate.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court