Matter of Hadden (2020 NY Slip Op 06262)





Matter of Hadden


2020 NY Slip Op 06262


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-06687 
2017-06688
 (Index No. 704/14)

[*1]In the Matter of Dorothy B. Hadden, deceased. Richard J. Olson, respondent; Steven Schaeffer, et al., appellants.


Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for appellants.
Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Kyle W. Barnett of counsel), for respondent.



DECISION & ORDER
In a contested probate proceeding, the objectants appeal from (1) an order of the Surrogate's Court, Dutchess County (James D. Pagones, S.), dated July 21, 2016, and (2) a decree of the same court dated May 16, 2017. The order granted the petitioner's motion for summary judgment dismissing the objections and denied the objectants' cross motion for summary judgment dismissing the probate petition. The decree, insofar as appealed from, after a hearing, inter alia, admitted the last will and testament of Dorothy B. Hadden, dated August 16, 2014, to probate.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in this proceeding (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
Steven Schaeffer and Barbara Schaeffer (hereinafter together the objectants) filed objections to the petition to admit to probate the last will and testament of Dorothy B. Hadden (hereinafter the decedent), dated August 16, 2014. The objectants alleged lack of testamentary capacity, failure of due execution in conformance with the statutory requirements, and undue influence exerted by nonparty Cathy Stark. The August 16, 2014 will, among other things, bequeathed half of the decedent's estate to the objectants and half to Stark. This bequest deviated from a prior will that had bequeathed the decedent's entire estate to the objectants. The petitioner, Richard J. Olson, as the proposed executor of the estate, moved for summary judgment dismissing the objections, and the objectants cross-moved for summary judgment dismissing the probate [*2]petition. The Surrogate's Court, upon granting the petitioner's motion and denying the objectants' cross motion, admitted the will to probate. The objectants appeal.
The determination to dismiss objections and admit a will to probate is within the sound discretion of the Surrogate's Court (see Matter of Curtis, 130 AD3d 722). Where there is no indication that the court improvidently exercised its discretion, its determination will not be disturbed, especially where the evidence establishes a prima facie case for probate and the objections fail to raise any material issue of fact concerning the validity of the will (see id.).
Here, we agree with the Surrogate's Court's dismissal of the objection alleging lack of testamentary capacity. The petitioner bore the initial burden of establishing that the decedent understood the nature and consequences of making the will, the nature and extent of her property, and the natural objects of her bounty (see Matter of Kumstar, 66 NY2d 691; Matter of Prevratil, 121 AD3d 137). The petitioner proffered, among other things, the self-proving affidavits of the two witnesses to the execution of the will, each of whom declared that the decedent was of sound mind, memory, and understanding, and not under any restraint or in any respect incompetent to make a will. Such evidence constituted prima facie evidence of the facts attested to and created a presumption of testamentary capacity (see Matter of Curtis, 130 AD3d 722). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Sabatelli, 161 AD3d 872; Matter of Mele, 113 AD3d 858; Matter of Rottkamp, 95 AD3d 1338).
We also agree with the Surrogate's Court's dismissal of the objection alleging that the propounded will was not duly executed in conformance with the statutory requirements. The deposition testimony of the attorney-drafter, who supervised the execution of the will and acted as an attesting witness, and of the second attesting witness, demonstrated that the statutory requirements for due execution were satisfied (see Matter of Templeton, 116 AD3d 781; Matter of Rottkamp, 95 AD3d 1338). "Further, where, as here, the drafting attorney supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Farrell, 84 AD3d 1374, 1374; see Matter of Moskoff, 41 AD3d 481). "The attestation clause and self-proving affidavit accompanying the propounded will also give rise to a presumption of compliance with the statutory requirements" (Matter of Farrell, 84 AD3d at 1374; see Matter of Rottkamp, 95 AD3d at 1339; Matter of Moskoff, 41 AD3d at 482). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Christie, 170 AD3d 718; Matter of Sabatelli, 161 AD3d 872).
Finally, dismissal of the objection alleging undue influence was warranted. "An objectant contesting the admission of a propounded instrument to probate based on the alleged exercise of undue influence must show that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (Matter of Marra, 123 AD3d 1130, 1131 [internal quotation marks omitted]). Here, the objectants presented only conclusory allegations and speculation, which is insufficient to demonstrate that undue influence was actually exerted by Stark (see Matter of Martinico, 177 AD3d 882; Matter of Cianci, 165 AD3d 655).
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court