■ In the Matter of EMILIE MARTIN, Also Known as EMILIE BROD, Deceased. KEVIN PEI, Respondent; CLAUDIA DIFABRIZIO et al., Appellants. [44 NYS3d 750]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered November 25, 2015, which granted petitioner's motion for summary judgment, and admitted for probate decedent's will dated May 6, 2011, unanimously affirmed, without costs.

It is proponent's burden, in the first instance, to make a prima facie showing that decedent possessed testamentary capacity, i.e., that she understood the nature and extent of her property, was aware of the natural objects of her bounty, and understood that she was disposing of her property through the will (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]).

Petitioner met this burden with the self-proving affidavits of the attesting witnesses, stating that decedent was of sound mind, memory and understanding, and was not incompetent (*see Matter of Schlaeger*, 74 AD3d 405, 406 [1st Dept 2010]).

Objectants asserted that decedent lacked testamentary

capacity because she suffered from insane delusions related to a companion, who regaled her with tales of his exploits and influential friends. However, the record reflects that decedent stated to many people that she wanted to disinherit her daughters because they had brought an action against her that resulted in the breakup of her company, and had received in settlement what she intended to leave to them in her will. The court properly concluded that, although decedent may have been gullible and fallen victim to a con man, her rationale for disinheriting objectants was based in reality (cf. Matter of Brush, 1 AD2d 625, 628 [1st Dept 1956]). The right of a testator to dispose of her estate does not depend on the soundness of her reasoning or the justice of her prejudices (see Clapp v Fullerton, 34 NY 190, 197 [1866]).

With respect to objectants' claims that attorneys involved in drafting the will exerted undue influence on her, they failed to present evidence sufficient to raise a triable issue of fact as to any action by these attorneys that restrained decedent's independent action or destroyed her free will (see Children's Aid Socy. of City of N.Y. v Loveridge, 70 NY 387, 394-395 [1877]; Matter of Aoki, 99 AD3d 253, 265 [1st Dept 2012]). Moreover, a prior will prepared by an attorney not accused of undue influence also disinherited them. Decedent's attorneys had no duty to attempt to dissuade her from acting on her ill feelings toward objectants. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.