| Matter of Syms |
| :---: |
| 2024 NY Slip Op 31942(U) |
| May 31, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2009-4494 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.
MAY 31 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------x
Probate Proceeding, Will of

        SY SYMS,

           Deceased.
--------------------------------------------------------------------------x

DECISION and ORDER

File No.: 2009-4494

M E L L A, S.:

The court considered the following submissions in determining the instant cross-motions:

|  | Numbered |
|---|---|
| Petitioner's Notice of Motion for Summary Judgment; Affirmation of Lauren E. Aguiar, dated January 20, 2023, with Exhibits 1-23 | 1,2 |
| Memorandum of Law in Support of Summary Judgment Motion, dated January 20, 2023 | 3 |
| Objectants' Notice of Cross-Motion; Affirmation of Jennifer F. Hillman, dated March 3, 2023, with Exhibits A - BB | 4,5 |
| Memorandum of Law in Support of Objectants' Cross-Motion and in Opposition to Petitioner's Motion for Summary Judgement, dated March 3, 2023 | 6 |
| Affirmation of Steven Schanker in Further Support of Summary Judgment Motion, dated March 14, 2023 | 7 |
| Petitioner's Reply Memorandum of Law in Support of Summary Judgment Motion, dated March 17, 2023 | 8 |

      In this contested probate proceeding in the estate of Sy Syms, decedent's daughter, Marcy Syms (Proponent), sought summary dismissal of the objections filed by three of decedent's grandchildren (CPLR 3212), and the grandchildren cross-moved to deny letters testamentary to Proponent on fitness grounds (SCPA 707). At the call of the calendar on May 5, 2023, the court, for the reasons stated below, granted Proponent's motion to the extent it sought dismissal of the objections alleging that decedent lacked testamentary capacity, that the

[* 1]

propounded instrument was not duly executed, and that it was the product of fraud and duress, but denied the motion as to the grandchildren's undue influence objection. The court also held in abeyance the cross-motion pending the outcome of the trial on the undue influence objection.

Background

Decedent died on November 17, 2009, at the age of 83, survived by his wife, four children from a prior marriage, and four grandchildren (children of a predeceased son and daughter). Under the propounded instrument, dated January 19, 2006, decedent left his probate estate (valued at less than $1,500,000) to a revocable trust that he had established on March 17, 1989, and thereafter amended and restated several times (Trust). He nominated Proponent as executor, and Preliminary Letters Testamentary issued to her on September 26, 2010.

Thereafter, the parties engaged in pre-objection discovery, which resulted in the appointment of a special referee to handle the parties' many discovery disputes. The objections at issue were filed in April 2013 by decedent's grandchildren, Jillian Merns, Daniel Merns, and Olivia Merns (Objectants), who are Trust beneficiaries but receive only a modest educational fund established upon decedent's death. Other distributees, namely a son, Richard Syms, and another grandchild, Chloe Merceron, also challenged the validity of the propounded instrument in separate objections filed about the same time.

Less than six months after objections were filed, Proponent moved for summary dismissal of the objections, and all of the objectants opposed the motion and collectively cross-moved to compel certain discovery and to sanction Proponent's counsel. The court denied Proponent's motion as premature because post-objection discovery had not been completed but denied Objectants' cross-motion, finding that Objectants had failed to demonstrate a basis to

2

[* 2]

compel the specific discovery sought and that sanctions were not warranted (*see Matter of Syms*, 2015 NY Slip Op 31943[U] [Sur Ct, NY County]). Thereafter, Chloe Merceron withdrew her objections. However, neither Proponent nor the remaining objectants took any action to conclude the proceeding. Accordingly, the court issued a Discovery Order on October 7, 2019, setting forth dates for the completion of discovery and the filing a Note of Issue and dispositive motions (Discovery Order).

When the parties failed to meet the deadlines set forth in the Discovery Order, and inquiries from the court to Proponent's counsel regarding the status of the litigation went unanswered, the court, on November 16, 2021, issued a Decision and Order with 90-Day Demand, which warned that the court would dismiss the probate petition for failure to prosecute unless Proponent filed with the court a statement indicating that she wished to continue the probate proceeding. Such a statement was filed, but Objectants then moved to modify the Discovery Order and re-open discovery to permit Objectants to obtain certain documents. On October 13, 2022, the court granted Objectants' motion to the extent of allowing specified discovery to be completed by November 30, 2022. After the completion of discovery, the parties filed the instant motions. By this time, Richard Syms had expressed his intent to withdraw his objections, which he formally withdrew by stipulation after these motions were fully submitted.

Undisputed Facts

The propounded instrument was drafted by an attorney, Steven Schanker (Schanker), who supervised its execution at his office. It contains an attestation clause, and the two witnesses signed a self-proving SCPA 1406 affidavit at the time of the instrument's execution (SCPA 1406 Affidavit). As noted above, the instrument provides for decedent's probate estate to

3

pour into the Trust. Upon decedent's death, Proponent became the trustee of the Trust, to which decedent had already transferred most of his substantial assets.

Decedent also executed two prior wills, one in 1989 at the same time he established the Trust and the other on March 29, 2005. Those instruments were also drafted by Schanker and are substantially the same as the propounded instrument except that the propounded instrument includes in ARTICLE SEVEN (Powers of Fiduciaries) a provision entitled "Authorization for Self Dealing," which waives any potential conflict of interest Proponent may have as executor given her roles as an officer and individual shareholder of the Syms Corporation, the company decedent had founded, and a trustee of the Sy Syms Foundation, which is a substantial beneficiary of the Trust.

Of note as well is that, between 1989 and the date of the propounded instrument (January 19, 2006), the Trust was amended and restated five times, with some of the changes inuring to Proponent's benefit. For example, the percentage of the Syms Corporation that Proponent was to receive on decedent's death increased from 8.95% to 15% during this period, and a provision similar to the one in ARTICLE SEVEN of the propounded instrument was added to authorize Proponent to engage in acts of self-dealing. A Seventh (and final) Amendment and Complete Restatement of the Trust, executed after the propounded instrument on July 28, 2008, also included a significant change to decedent's estate plan which potentially benefited Proponent. Proponent was named the Trust's sole remainder beneficiary, replacing the Sy Syms Foundation which would receive instead a $10 million bequest.

4

<u>Discussion</u>

Summary judgment is available only where no material issues of fact exist (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*id.* at 324 [citations omitted]). A movant's "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, once a movant's burden is satisfied, the party opposing summary judgment must come forward with proof in admissible form that establishes a genuine issue of material fact or must provide an acceptable excuse for the failure to do so (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

As an initial matter, we address two arguments Objectants contended were fatal to the motion but which the court found unavailing. First, Objectants claimed that Proponent's failure to offer the deposition testimony of the attesting witnesses and attorney drafter in her moving papers violated CPLR 3212(b), which broadly sets forth the requirements for a summary judgment motion. Such statute, however, did not require Proponent to submit the witnesses' deposition testimony. A plain reading of the statute supports this view as "depositions and written admissions" are given as examples of "other available proof" that may be offered in support of the motion (*see* CPLR 3212[b]). The single case cited by Objectants in support of their argument, *Montanez v Jeffrey M. Brown Assoc., Inc.* (2010 NY Slip Op 31816[U] [Sup Ct, Suffolk County]), is plainly distinguishable in several key respects, including that the decision does not involve a probate proceeding, and, unlike here, the moving party failed to offer a

5

"supporting affidavit" and neglected to append to the motion copies of the pleadings as specifically required by CPLR 3212(b) (*id.* at *12).

The court also found to be without merit Objectants' second argument that Proponent's reliance on the witnesses' SCPA 1406 Affidavit in support of the motion was "misplaced." According to Objectants, SCPA 1406(1)(a) precludes the use of such affidavits to support a motion for summary judgment once objections have been filed.[1] However, the Appellate Division, First Department, routinely considers SCPA 1406 affidavits submitted by proponents in support of summary judgment motions (*see e.g. Matter of Neumann*, 210 AD3d 492, 493 [1st Dept 2022]; *Matter of Martin*, 146 AD3d 619, 619 [1st Dept 2017]; *Matter of Schlaeger*, 74 AD3d 405, 406 [1st Dept 2010]). Thus, this court can consider the SCPA 1406 Affidavit here.

Testamentary Capacity

On the issue of testamentary capacity, Proponent, as movant, was required to make a prima facie showing that decedent was competent to make a will, *i.e.*, that he understood the nature and extent of his property, the natural objects of his bounty, and the provisions of the will (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]). If, at the time of the will's execution, a decedent has the knowledge and understanding required by *Matter of Kumstar*, then old age, physical illness, or even progressive dementia will not render the instrument invalid for lack of capacity (*see Matter of Hedges*, 100 AD2d 586, 588 [2d Dept 1984]; *Matter of Beneway*, 272 App Div 463, 467-68 [3d Dept 1947]).

---

[1] SCPA 1406(1)(a) provides only that, where no objections have been filed, an affidavit of an attesting witness executed in compliance with SCPA 1406 can be used in place of the witnesses' live testimony, which would otherwise be required for the admission of a will to probate under SCPA 1404(1).

6

The court concluded that proponent made her prima facie case based on the general presumption that a testator is competent (*see Matter of Beneway,* 272 App Div at 467), but also based on the affidavit of Dr. James Strain, a psychiatrist who treated decedent during the relevant time period (*see Matter of Llewellyn,* 135 AD3d 499, 500 [1st Dept 2016]), as well as the propounded instrument's attestation clause and the SCPA 1406 Affidavit, both of which state that decedent was of "sound mind" (*see Matter of Neumann,* 210 AD3d at 493; *Matter of Aoki,* 99 AD3d 253, 262 [1st Dept 2012]).

In opposition, Objectants did not submit an affidavit from a person with personal knowledge of decedent's cognitive state. Instead, they attempted to impugn the credibility of Dr. Strain, claiming certain aspects of his testimony were inconsistent with other evidence in the record. However, the court found that the purported inconsistencies Objectants noted were insufficient to raise a bona fide issue regarding Dr. Strain's credibility. Objectants' other arguments fared no better. For example, they offered only speculation regarding decedent's cognitive function based on the medical records and other evidence of decedent's health. Because Objectants failed to raise a genuine issue of fact, the court granted Proponent's motion for summary judgment and dismissed the objection based on lack of capacity.

Due Execution

Proponent, as movant, was also required to make a prima facie demonstration that the propounded instrument was executed in accordance with the requirements set forth in EPTL 3-2.1. Proponent thus needed to offer evidence that 1) decedent signed the propounded instrument at the end in the presence of the two witnesses, 2) decedent declared to the attesting witnesses that the instrument was his will, and 3) the witnesses attested to decedent's signature as affixed

7

[* 7]

in their presence and then, at decedent's request, signed their names (with address) at the instrument's end (EPTL 3-2.1[a]; *see Matter of Tully*, 227 AD2d 288, 288 [1st Dept 1996]).

The court found that Proponent made her prima facie case based on the presumption of due execution that arises where, as here, an attorney supervised the instrument's execution *(see Matter of Halpern*, 76 AD3d 429, 431 [1st Dept 2010], *affd* 16 NY3d 777 [2011]), the instrument's attestation clause, which serves as prima facie evidence that the will was duly executed *(see Matter of Collins*, 60 NY2d 466, 471 [1983]; *Matter of Falk*, 47 AD3d 21, 26 [1st Dept 2007]), and the SCPA 1406 Affidavit, which courts also consider "prima facie evidence of the facts therein attested to by the witnesses" (*Matter of Korn*, 25 AD3d 379, 379 [1st Dept 2006]).

In opposition, Objectants argued that the record was insufficient to establish that decedent or anyone else had asked the witnesses to serve in that capacity (*see* EPTL 3-2.1[a][4]). However, the court found this argument, which relied on the selective testimony of the supervising attorney and only one of the witnesses, unavailing. There is no requirement under New York law that a testator expressly request the witnesses to witness to serve where, as here, the request can be "inferred from the circumstances surrounding the entire execution" (*Matter of Pilon*, 9 AD3d 771, 772-73 [3d Dept 2004] [citations omitted]).

Duress

An objection based on duress rests upon the allegation that the propounded instrument was the product of coercion, either by physical force or threatened harm (*see Matter of Rosasco*, 31 Misc 3d 1214[A], 2011 NY Slip Op 50673[U], *9-12 [Sur Ct, NY County 2011] [citations omitted]). The court found that Proponent's evidence in support of the motion, including the

8

affidavit of decedent's psychiatrist, established prima facie that the propounded instrument reflected the wishes of decedent and was not the product of coercion by Proponent or decedent's lawyers as alleged. In response, Objectants' opposition papers were silent as to this objection. Under these circumstances, the court considered the duress objection abandoned and summarily dismissed it (*see Gary v Flair Beverage Corp.*, 60 AD3d 413, 413 [1st Dept 2009]; *Genovese v Gambino*, 309 AD2d 832, 833 [2d Dept 2003]).

Fraud

Fraud requires a showing that a knowingly false statement caused the decedent to execute a will that differed substantially from the will he would have executed in the absence of such statement (*see Matter of Ryan*, 34 AD3d 212, 215 [1st Dept 2006]). Proponent made her prima facie case for summary judgment by demonstrating in her various submissions in support of the motion that there was an absence of any fraudulent statement or misrepresentation that caused decedent to execute the propounded instrument. In response, Objectants argued that Proponent communicated with decedent's estate planning attorneys about changes to decedent's estate plan and thereafter concealed the details of decedent's estate planning from decedent. However, the court found that the proof Objectants offered was insufficient to create a fact issue as the conclusions Objectants drew from the proof were based on speculation, which is insufficient to defeat summary judgment (*see Zuckerman v City of New York*, 49 NY2d at 562 [citations omitted]). For these reasons, the court granted the motion and dismissed the objections based on fraud.

9

## Undue Influence

Undue influence requires a showing that the will resulted from influence that "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire" (*Children's Aid Society of City of NY v Loveridge*, 70 NY 387, 394 [1877]; *see also Matter of Kumstar*, 66 NY2d at 693). In addition, motive, opportunity, and the actual exercise of undue influence must be demonstrated by the objectant (*see Matter of Walther*, 6 NY2d 49, 55 [1959]).

Here, the court found that Proponent made her prima facie case for summary judgment by demonstrating in her various submissions in support of the motion that the propounded instrument was an expression of decedent's wishes rather than the wishes of Proponent or anyone else. In opposition to the motion, however, the court found that Objectants' submissions raised material issues of fact requiring resolution at trial. For example, Objectants offered evidence that Proponent had been involved with the drafting of certain aspects of the propounded instrument and amendments to the Trust, which are part of the same estate planning scheme. As Objectants correctly pointed out as well, Proponent's interest in the Trust grew substantially as the Trust was amended, and Proponent also appears to have successfully argued for the inclusion of a provision in the propounded instrument and Trust authorizing her, as fiduciary, to engage in self-dealing.

The court considered that Objectants offered only circumstantial evidence in support of their allegations of undue influence. However, reliance on such evidence was proper since "[u]ndue influence is seldom practiced openly, but . . . is, rather, the product of persistent and

10

subtle suggestion imposed upon a weaker mind" (*Matter of Burke*, 82 AD2d 260, 269 [2d Dept 1981]). Courts consider many factors when evaluating whether an instrument is the product of undue influence, including the testator's physical and mental condition (*see e.g. Children's Aid Society*, 70 NY 387), which, based on the proof Objectants submitted, might have made decedent more susceptible to undue influence. Whether the beneficiary had any direct involvement in the preparation or execution of the instrument is also a consideration (*see Matter of Ryan*, 34 AD3d at 215), and the record is replete with evidence of Proponent's involvement in the development and implementation of decedent's estate plan.

Under these circumstances, the court denied Proponent's motion as to the undue influence objection, leaving the issue of whether the propounded instrument was the product of undue influence for trial.

Objectants' Cross-Motion

Finally, as to Objectants' cross-motion, which sought an order denying letters testamentary to Proponent on fitness grounds under SCPA 707, the court found it premature as the instrument under which Proponent would receive letters testamentary has not been admitted to probate. For this reason, the court held the cross-motion in abeyance pending the outcome of the probate trial.

This decision, together with the transcript of the May 5, 2023 proceedings, constitutes the order of the court.

Clerk to notify.

Dated: May 31, 2024

_____
S U R R O G A T E

11